## ELLEN DEARDORFF v. JAMES W. DARY.
### No. 101.

DEMURRER—*properly sustained.* Where, in an action by the purchaser to recover the consideration paid under a written contract for the conveyance of real property on or before a date therein named, defendant's answer admits the contract and the performance of its conditions by plaintiff and avers performance on defendant's part some months after the date fixed in the contract, but shows that the land was sold by the sheriff to plaintiff's husband, by mistake on the part of the defendant, under proceedings in foreclosure of a mortgage owned by defendant and through which he was to obtain title to the land and afterward convey it to plaintiff, and that on the day of the sale the land was levied on to satisfy a judgment against plaintiff and her husband, the abstract of which was that day filed in the office of the clerk of the district court; and where the said answer fails to plead waiver by plaintiff of the conditions of the contract; *held,* that a demurrer on the ground that it failed to state facts sufficient to constitute a cause of defense was properly sustained.

Error from Rice District Court. Hon. J. H. Bailey, Judge. Opinion filed September 15, 1897. *Affirmed.*

This action was begun in the District Court of Rice County, on August 31, 1891, by Ellen Deardorff, as plaintiff, to recover from James W. Dary, as defendant, the sum of four hundred dollars, with interest from May 19, 1890, at six per cent. per annum. The petition alleged that said sum was due and payable as damages by reason of the defendant's neglect, failure and refusal to comply with the conditions of a certain written agreement made by the said parties, which had been fully executed and performed on the part of the plaintiff below. The written contract is as follows:

"*Contract for Warranty Deed.*—This agreement, made this nineteenth day of November, A.D. 1889, by and between James W. Dary, of Rice County, State of

Kansas, party of the first part, and Ellen Deardorff, of Ellsworth County, Kansas, party of the second part,

"Witnesseth, that the said party of the first part, in consideration of the payments and agreements hereinafter made by the party of the second part, agrees to sell and convey by good and sufficient deed of general warranty, on or before May 19, 1890, the following-described real estate : Commencing at a point forty rods south of the northeast corner of the west half of the southeast one-fourth of section 5, township 20, range 8 west, thence west forty rods, south twenty rods, east forty rods, north twenty rods to the place of beginning, containing five acres, in the county of Rice and State of Kansas.

"In consideration of the above agreement to convey, said party of the second part agrees to pay to said party of the [first] part for said real estate the sum of four hundred dollars to be paid as follows : The sum of four hundred dollars to be paid in hand, the receipt whereof is hereby acknowledged.

"In witness whereof the said parties have hereunto affixed their hands and seals the day and year last above written.     (Signed)   JAMES W. DARY.
                                        ELLEN DEARDORFF."

Defendant's answer, after stating that he had resided in the State of Texas since April, 1890, averred :

"That at the time the contract was made with plaintiff *it was understood* that the said land described therein would have to be sold at sheriff's sale so as to perfect the title to said real estate. That plaintiff well knew such fact and that the only way in which a title to said land could be made to her was by such sale, and it was orally agreed that the defendant would cause said land to be sold and have a deed made thereto to said plaintiff which should make her a complete and full title, free of all liens or incumbrances, to said land."

Then follows a statement that defendant, at the time the contract was made, was the owner of a first mort-

gage on said land, that the same had been foreclosed and decreed by the court to be a first lien, and that the land had been ordered sold to satisfy the same; that defendant was to buy the land at the sheriff's sale and cause the title to be made to plaintiff under said sale; that defendant did order the land sold under the foreclosure proceedings, and that by mistake it was bid off in the name of John Deardorff, the husband of plaintiff; that the sale was confirmed by the court and a sheriff's deed for the land was executed to John Deardorff; that this was done by mistake, and that John Deardorff had no interest in the land. It was further averred:

"That the plaintiff at all times was the owner of an equitable interest in said land, after the execution of said contract sued on, and is now, and that the said John Deardorff holds the legal title to said land in trust for the said plaintiff. But defendant says that after the execution of said contract, and on the same day that the said sheriff's deed was executed to said John Deardorff, the Central State Bank of Geneseo filed for record in the office of the clerk of this court an abstract of a judgment recovered before a justice of the peace against said plaintiff, Ellen Deardorff, and said John Deardorff, which at said time became and was a lien on all of said plaintiff's interest in said land. That said judgment was for the sum of $233.59 and costs to the amount of $10.50. That thereafter the said Central State Bank, by virtue of its said judgment, caused an execution to issue on said judgment, and the same was levied upon said land and the same was sold to satisfy said plaintiff's debt due from her to said Central State Bank, and said bank's judgment against plaintiff was fully satisfied. That said sale has not yet been confirmed, but that the lien of said judgment still attaches to said land. And defendant avers that said plaintiff has never tendered or offered to reconvey said land to him, or her interest therein under said bond for a deed sued upon, but still retains

DEARDORFF v. DARY. 849

Sept. 15, 1897.      Opinion.  Milton, J.          W. Div.

the legal title thereto subject to said judgment lien, and has never rescinded said contract."

Defendant asked that the Central State Bank and John Deardorff be made parties to the suit, and that the conveyance to the latter be set aside and the rights of all parties with respect to the real estate be determined, and for general relief.

The sheriff's deed referred to discloses that the decree of foreclosure of the mortgage mentioned in the answer was entered on September 14, 1889; that an order of sale was issued under this decree on July 30, 1890; that the sale was made on September 8, 1890, and was confirmed two days later, and that the deed was made on October 15, 1890.

Plaintiff demurred to this answer on the ground that it failed to state facts sufficient to constitute any answer or defense to plaintiff's cause of action as set forth in her petition. The court sustained the demurrer and defendant elected to stand upon his answer. Judgment was rendered by the court against the defendant in the sum of $444 and costs.

*Samuel Jones*, for plaintiff in error.

No appearance for defendant in error.

MILTON, J. The demurrer was properly sustained. The answer fails to show any reason for defendant's delay in obtaining title. It does not show any right on the part of the defendant to do anything after May 19, 1890, toward the performance of the written agreement, which, by its terms, expired that day. It alleges that an oral understanding was had at the time the writing was executed as to the manner in which title to the land was to be obtained by the defendant; that is, by purchase at the sheriff's sale, after which

54—6 KAN. APP.

he would convey the land to plaintiff. The answer shows an entire failure on defendant's part to carry out this oral agreement, and it is not claimed that he complied in any wise with the terms and conditions of the written contract. No waiver by plaintiff of its conditions is pleaded in the answer, nor is any claim of modification set up. We must, therefore, hold that the contract expired on May 19, 1890. Bishop on Contracts, § 1344; *Cromwell v. Wilkinson*, 18 Ind. 365; *Potter v. Tuttle*, 22 Conn. 512; *Benson v. Shotwell*, 103 Cal. 163, 37 Pac. Rep. 147.

It would seem that if defendant had been careful or diligent he might have had the land sold under the judgment, and a sheriff's deed executed, prior to the date named in the contract. The abstract of the judgment against John Deardorff and the plaintiff was filed on September 22, 1890, the day the sale was confirmed. The contract shows that plaintiff was a resident of Ellsworth County. It may be that the debt upon which that judgment was obtained was not in existence on or before May 19. It can be fairly inferred that the judgment did not then exist. Defendant's own negligence caused the complications which his answer discloses. After the contract to convey had expired, he negligently caused, or negligently permitted, a conveyance of the land to be made to a third party. The moment the land was thus conveyed, a judgment creditor of the third party caused an execution to be issued upon a judgment, the abstract of which he had just filed with the clerk of the court. The land was sold under this execution and the debt of the third party thereby paid. The fact that plaintiff's debt was incidentally discharged by those proceedings is interesting but not important.

Counsel for plaintiff in error says that "Ellen Dear-

dorff was from the moment of the making of the contract the owner of the equitable title to the land and had such an interest therein as could be sold on execution, being the owner of all the right Dary had." If this were true at any time, it was not true after May 19, 1890, for the contract was then at an end, according to its terms. The answer shows no reason for considering it as still existing.

We perceive no error in the judgment of the trial court, and the same is affirmed.