## CATHARINE A. REED

*vs.*

## WILLIAMSBURG CITY FIRE INSURANCE COMPANY.

### Cumberland.   Opinion March 12, 1883.

*Insurance.   Insurable interest.   Fraudulent representations.   Practice.*

A person who bargains for and takes into his possession an article of personal property, giving his note of hand therefor,— the note containing an agreement that the title to the property shall remain in the seller until the note be paid,— has an insurable interest in the property, although the note is not fully paid.

Where a judge in his charge to a jury states that there were no fraudulent misrepresentations to be considered because no representations were made, meaning no express representations, if a party desires that the jury shall know that a fraud may be committed by means of deception other than express representations, he should ask for more enlarged instructions before the cause is committed to the jury.

ON EXCEPTIONS, and on report on motion to set aside the verdict.

Assumpsit, writ dated June 24, 1880, on policy of insurance issued by the defendant company through its Portland agent, September 10, 1879, upon personal property, viz :

"Six hundred dollars on her household furniture; three hundred dollars on her printed books; seventy-five dollars on her parlor organ; twenty-five dollars on her sewing machine."

The verdict was for plaintiff, for eight hundred and four dollars.

The opinion states the material facts.

*Ardon W. Coombs,* for the plaintiff, on the exceptions, cited : R. S., c. 111, § 5; Stat. 1872, c. 71; Parson's Mer. Law, * 509; *Columbian Ins. Co.* v. *Lawrence,* 1 Peters, S. C. 25; *Cumberland Bone Co.* v. *Ins. Co.* 64 Maine, 470; Rule 18, S. J. C.; *State* v. *Reed,* 62 Maine, 129; *State* v. *Barnes,* 29 Maine, 561; *State* v. *Watson,* 63 Maine, 128; *Foye* v. *Southard,* 64 Maine, 389; *Roberts* v. *Plaisted,* 63 Maine, 335.

*M. P. Frank and I. W. Parker,* for the defendant.

The presiding justice in his charge to the jury touching the point as to whether the policy was procured by fraud, used the following language : "Then you will look to the proof and see what representations were made. The counsel on the part of the plaintiff says there were none. I do not recollect what the counsel on the part of the defendant state upon this part of the case. You will recollect if there were no representations made there could have been no false ones. If there were none, then on that part of the case you would have no trouble, but pass it over and look at the next." This language was suited to deceive the jury in this respect. It gave them to understand, and we believe they did so understand, that fraud can never be committed except by some active overt representation of the party committing it, precluding the idea that fraud may be committed by suppression of the truth and by the concealment of material facts, while that fraud may be so committed is a well established principle of law. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419; *Prentiss* v. *Russ,* 16 Maine, 30. "Good faith," says LORD MANSFIELD, (as quoted in 1 vol. of Philips on

Insurance, page 233, second edition) "forbids either party by concealing what he knows, to draw the other into a bargain from his ignorance of the facts and he believing the contrary." See *Ingersoll* v. *Barker*, 21 Maine, 474.

PETERS, J.   Among the articles of personal property insured was a parlor organ, given to the plaintiff by her husband, which the husband purchased of another person by giving a note therefor, the note containing an agreement that the title in the organ should remain in the seller until the note became paid. At the date of the injury by fire, the organ had been in part but not fully paid for.   The plaintiff was in possession of the property.   We think the plaintiff had an insurable interest in it. We are not informed by the case that any provision of the policy prevents a recovery for this article.   At common law a common carrier — a warehouseman — and other bailees have an insurable interest in goods in their possession.   *Eastern Railroad Co.* v. *Relief Fire Ins. Co.* 98 Mass. 425, and cases there cited; *Amsinck* v. *American Ins. Co.* 129 Mass. 185.

The defendants' counsel complains that the judge at the trial remarked, that, if there were no representations, there could be no false ones, in procuring the policy.   The counsel argues that this observation would lead the jury to suppose that fraud could not be accomplished otherwise than by fraudulent misrepresentations expressly made.   The judge at the moment was commenting upon and had in mind express representations. If more enlarged instructions were desired by the defendants, they should have been requested, and the distinction which counsel had in mind should have been presented to the mind of the judge.

No other points in the exceptions are dwelt upon by counsel. The minor rulings were correct.

We feel impressed with a belief that the loss of goods was less than the amount found by the jury, and that a new trial should be granted upon that account.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.