HARTFORD FIRE INSURANCE COMPANY v. ENOCH.

Opinion delivered July 2, 1906.

1. APPEAL—SECOND TRIAL—LAW OF THE CASE.—Where on appeal or writ of error a law case is reversed and remanded for new trial, and the facts developed on the second trial remain the same as they were on the first trial, the holding of the Supreme Court on questions of fact binds the trial court upon a second trial; but if the facts proved on the second trial are different, then the lower court may apply a different rule of law. (Page 479.)

2. INSURANCE—PROOF OF LOSS—OBJECTIONS.—Where an insurer objected to the proof of loss because it included property not included in the policy, and the assured prepared and registered to the insurer another proof of loss, which was received by the insurer without objection, the insurer waived any objections to the second proof by retaining it without objection. (Page 481.)

3. SAME—INSURABLE INTEREST.—One who has purchased personal property subject to a lien for the purchase money has an insurable interest therein. (Page 482.)

4. SAME—WAIVER OF FORFEITURE.—Where an insurance company accepts proofs of loss with knowledge that the assured has made a misrepresentation in the policy which would work a forfeiture, it will be held to have waived such forfeiture. (Page 483.)

5. SAME.—A condition in a fire insurance policy that the policy shall be void unless the insurer is the sole and unconditional owner may be waived by the insurer. (Page 483.)

6. SAME—INTEREST.—Interest is computable on a fire insurance policy from the date the policy is made payable. (Page 483.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit by appellee on a standard policy of fire insurance. The complaint alleged the issuance of the policy, the loss, a compliance by appellee with the requirements of the policy as to notice and proof of loss, and prayed for judgment in the sum of $1,250, the amount of the policy with interest.

Appellant answered, denying all material allegations, and set up "that the policy in suit provides, *inter alia,* that the entire policy shall be void and of no force if the interest of the insured be other than unconditional and sole ownership, and that the interest of said S. Enoch, to whom said policy was issued at the time of the alleged fire, was not an unconditional and sole ownership. That the policy also provided that if the building should be located on ground not owned by assured in fee simple the policy should be void, and that plaintiff was not the owner in fee simple of the land upon which the building was located."

Appellant also set up a plea of *res judicata,* alleging "that, by the judgment and determination of the Supreme Court, the policy of insurance was declared and adjudged void, and that the requirements to furnish proof of loss had not been waived. Appellant, to support the plea of *res judicata,* introduced the opinion and mandate of this court on the former appeal. *Hartford Fire Insurance Co.* v. *Enoch,* 72 Ark. 47.

In that opinion, among other things, we said (p. 51) : "It was shown that appellee purchased a large portion of the property insured, and destroyed by fire, conditionally; that the vendor retained title to the same until the purchase money was fully paid; and that it had not been paid. The evidence tended to prove that these facts as to the ownership of the property were discovered by appellant after the fire." We further said: "Appellee was not the absolute and unconditional owner of a part of the property insured, and the policy, according to its own terms, is void. But appellee contends that this condition was waived. The burden was upon him to prove such waiver.

There could have been no waiver unless appellant at the time of the alleged waiver knew or had notice that the policy was forfeited on account of the failure of the condition. The evidence adduced for the purpose of showing a waiver was to the effect that appellant was informed that there was a lien on property for unpaid purchase money, and thereafter demanded additional proof of loss, which was furnished. That was not sufficient. The lien might have existed, and appellee might nevertheless have been the absolute and unconditional owner of the property. The evidence wholly fails to show a waiver. Reversed and remanded for new trial."

The court overruled the plea of *res judicata.*

*W. C. Rodgers,* for appellant.

1. The circuit court erred in refusing to treat the question of the validity of the policy sued on as *res judicata,* for both the validity of the policy and the question of waiving its invalidity are *res judicatae.* 56 Ark. 170; 33 Ark. 161; 26 Ark. 17; 63 Ark. 141; 80 Fed. 686; 27 Ohio St. 233; 20 Ohio St. 315; 94 U. S. 506; 64 Md. 199; 119 Ill. 30; 77 Ga. 7; 27 N. J. Eq. 505; 70 Ga. 475; 55 Ark. 609; 67 Minn. 48; 89 Va. 503; 80 Wis. 459; 54 Minn. 75; 168 U. S. 451; 4 S. D. 487; 53 Pac. 6; 117 Ind. 26; 50 Pac. 424, and numerous other authorities.

2. The proof of loss in evidence does not state the interest "of all others" in the property. Compliance with the stipulations in the policy as to proof of loss is a condition precedent to the right of recovery. 6 T. R. 710; 13 Me. 265; 49 Me. 282; 7 Cowen, 462; 85 Md. 289; 20 Wis. 217; 48 Kan. 239; 96 Ia. 39; 60 Ark. 532; 64 Ark. 590; 65 Ark. 54; 1 Ark. Law Rep. 67; 87 Fed. 118; 43 Ind. 418; 91 Md. 596; 78 Cal. 468. And the court erred in refusing the tenth instruction asked by defendant. That correct proof of loss is required after submitting insufficient proof does not dispense with the necessity of proof.

3. The twelfth instruction should have been given. Contracts to insure the property of another are against public policy and void. 15 Wall. 643; 104 U. S. 775; 97 Va. 74; 92 Mich. 584; 76 Tex. 400; 9 Fed. 249; 46 Mich. 473; 104 Ga. 446.

4. It was error to refuse the eleventh instruction. 68 Minn. 373; 2 Wood, Ins. § 450.

5. The sixth instruction erred as to the date from which interest would run.

*D. B. Sain* and *Feazel & Bishop,* for appellee.

1. On former appeal the policy was not declared void. The extent of that adjudication was that the evidence in that case failed to show a waiver. When a case is reversed and remanded for a new trial, without any specific directions, the parties are placed where they were before there was any trial, and the lower court is free to proceed with the second trial as though there had been no trial. 29 Ark. 85; 16 Ark. 181; 70 Ark. 196; 31 Am. St. Rep. 198; 54 Am. Dec. 449; 58 Am. Dec. 296. Appellee was not precluded from introducing on the second trial any new evidence he had on the question of waiver. 71 Ark. 292. The decision of an appellate court, rendered upon a given state of facts, becomes the law of the case only as applicable to those facts. On a new trial, if evidence is introduced establishing a new state of facts, the lower court is not bound by the decision. 46 Pac. 79; 45 Pac. 1000; 146 Ill. 71; 17 Col. 105; 134 Ind. 614; 26 Kan. 472; 33 S. W. 828; 2 Am. St. Rep. 814; 87 Am. St. Rep. 332; 65 *Ib.* 251; 59 *Ib.* 467; 29 *Ib.* 578; 46 *Ib.* 786.

2. The conditions avoiding the policy were waived by the company. Appellee's testimony is uncontradicted that he informed the agent that the title to the vehicles lay in Skillern until all the purchase money was paid. Knowledge of the agent must be imputed to the company. 65 Ark. 54; 62 Ark. 348; 52 Ark. 11; 53 Ark. 215. With this knowledge in its possession the proof shows it collected the premium, received the benefits accruing to it, has not returned nor offered to return the premium. It is in no position to ask relief. Cases *supra;* 65 Am. St. Rep. 717; 88 *Ib.* 986; 8 *Ib.* 384. Demanding further proof, with full knowledge of the facts constituting the forfeiture, estops appellant from setting up those facts as a defense. 53 Ark. 494; 67 Ark. 584.

3. The fourth instruction asked for by appellant was properly refused. If the proof of loss was unsatisfactory, appellant should have pointed out the defects, and, failing therein, a strict

compliance with the terms of the policy was waived.  33 Am. St. Rep. 838; 31 *Ib.* 786; 33 *Ib.* 29.

4.  The twelfth instruction, though abstractly good, was properly refused, because appellee had an insurable interest.  58 Am. St. Rep. 719; 63 *Ib.* 499; 28 *Ib.* 548; 12 Wend. 507; 19 Pa. St. 45; 4 Mass. 330; 21 Pa. St. 513; 17 *Ib.* 429.  See also 74 Me. 537; 25 Minn. 229.

5.  Concede error in 6th instruction, and offer to remit excess of interest.

*W. C. Rodgers,* for appellant in reply.

There is no pretense that the additional evidence on which appellee relies could not have been produced at the first trial.  It was his duty to do so, and a refusal to do so implies bad faith. Where a policy is void for failure of assured to keep the contract on his part, the company is not required to return the premium nor to tender it.  74 Ark. 507.  It was held on former appeal that want of ownership in the assured vitiates the policy.  See also 63 Ark. 187.

WOOD, J., (after stating the facts.)  Appellant contends:  1. That this court decided on a former appeal that the policy in suit was void, and that its invalidity had not been waived, and that therefore its plea of *res judicata* should have been sustained.

In *Robinson* v. *Thornton,* 46 Pac. 79, it is held (quoting syllabus) that "where a judgment is reversed on appeal, and remanded for new trial, the holding of the appellate court on a question of fact, based on the evidence in the record, is not conclusive as to such question on a subsequent trial on new evidence."  "The rule of the law of the case has no application to questions of fact, and nothing said on a former appeal as to the facts can bind the trial court upon a second trial, or be conclusive upon a second appeal.  Where the facts appearing upon a second appeal are the same as those upon a former appeal, the legal effect of the facts is determined by the decision on a former appeal, which is the law of the case for the second appeal." *Benson* v. *Hartwell,* 103 Cal. 163; *Wallace* v. *Sisson,* 45 Pac. 1000; *Eckert* v. *Brinkley,* 134 Ind. 614.

When on an appeal or writ of error a cause is reversed and remanded for new trial, the case stands as if no action had been

taken by the lower court. *Harrison* v. *Trader,* 29 Ark. 85; *Heard* v. *Ewan,* 73 Ark. 513. If the facts developed on second trial remain the same as they were on the first trial, the lower court must be governed in applying the law to the facts by the principles announced by this court in that case as controlling. If the facts are different, then the lower court may apply a different rule of law. It follows that the trial court did not err in overruling the plea of *res judicata,* and in refusing requests by appellant for instructions covering same proposition as set up in plea. The proof as to the title to the property in the present case was the same as on a former trial, and therefore what we said on the former appeal as to the policy being void on account of the false warranty by appellee that he was the sole and unconditional owner of the property insured was and is the law on that subject. But, on the question of whether or not this condition that avoided the policy and worked a forfeiture was waived by appellants, the proof was different. On the first trial, the proof as to waiver showed that appellant was informed that there was a lien on the property for unpaid purchase money, and that thereafter appellant demanded additional proof of loss. We said that was not sufficient, because the lien might have existed, and appellee still have been the sole and unconditional owner of the property insured. But in the present case there was testimony that appellant was informed and knew, after the loss occurred, that appellee did not have the absolute and unconditional title to the property, and after acquiring such knowledge that it demanded "further proofs" of loss.

There was testimony in this case also to show that appellee informed the agent of the insurance company who issued the policy, and at the time it was issued, that the title to the vehicles insured was not in him. There was no such testimony as this in the former trial. Therefore what we said on the first appeal about there being no waiver of the forfeiture is not applicable. *Lovewell* v. *Bowen,* 75 Ark. 452.

The case of *Hill* v. *Draper,* 63 Ark. 141, which learned counsel for appellants relies upon, does not support him, and is not in conflict with the rule here announced. That was a chancery proceeding. On the first appeal a pure question of law was passed upon, the judgment of the lower court was "reversed, and the

cause remanded with instructions to overrule the demurrer." Upon the second appeal the merits were passed upon, and the cause was "remanded for further proceedings consistent with the opinion delivered" on the first appeal, and on the third·appeal this court simply held that the proceedings of the last trial were not consistent with the decree of this court on the first appeal, and with its decree and directions on the second appeal. The cause was never "reversed and remanded for new trial," and the question had been completely adjudicated by this court upon its merits, and the last reversal was because the proceedings of the lower court were inconsistent with such adjudication.

2. The evidence as to "proofs of loss" being furnished is that appellee made out his proof of loss, swore to it and registered it to the company at Hartford on January 26, 1901 (the fire occurred January 3, 1901), and received a receipt therefor. Afterwards, when the adjuster told appellee's attorney that the proof of loss was insufficient, he made out another, had appellee to swear to it, and likewise registered it to the company. The last "proof of loss" bears date February 13, 1901. Appellee also obtained registered receipt for this. So far as the record discloses, no objection was ever made to the form of this proof of loss, and appellee was never advised or informed that the company did not accept same as a full compliance with the requirements of the policy. No defects in it were pointed out to appellee. Appellant contends that the proofs of loss do not comply with the requirements of the policy, because in one of them appellee does not state to whom the property belongs, and in the other he swears "that no one has any interest in said property except as follows: J. W. Cottingham holds a note for $75 for balance of purchase money of lot, and I have deed to same. A. L. Skillern has my promissory note for $420 and interest for balance of the purchase money due on surreys, hacks and buggies." These objections to the proofs of loss can not avail appellants. Appellee had his attorney to prepare proofs of loss, and forwarded same to the company. He did this evidently because he desired and intended to comply with the terms of the policy in this respect. The company, sometime after receiving the first proof of loss, notified appellee, through his attorney, that it was insufficient in that it "included property not included in the pol-

icy." Appellee thereupon had his attorney to prepare and register another proof of loss which the registry receipt shows that appellant received, and it is not shown that any objection was made to this, presumably for the reason that appellee in his last proof of loss had overcome the only objection made to the first, to the entire satisfaction of the company. In *Gould* v. *Dwellinghouse Insurance Co.*, 134 Pa. St. 570, 19 Am. St. Rep. 717, it is held that if the insured in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy in respect to proofs of loss, good faith requires that the insurer shall promptly notify him of objections thereto, so as to give him the opportunity to obviate them, and mere silence may so mislead him to his disadvantage as to be of itself sufficient evidence of waiver by estoppel." See notes to this case in 19 Am. St. Rep.; *Whitmore* v. *Dwellinghouse Ins. Co.*, 148 Pa. St. 406, 33 Am. St. Rep. 838, and notes; *Walsh* v. *London Assurance Corporation*, 151 Pa. St. 607, 31 Am. St. Rep. 786. See also *Burlington Ins. Co.* v. *Lowery*, 61 Ark. 108, on a question somewhat analogous. In other cases it is held that "an insurance company waives objections to proofs of loss by retaining them without pointing out specific objections to them." *Ins. Co. of No. America* v. *McDowell*, 50 Ill. 120, 99 Am. Dec. 497; *Weed* v. *Hamburg, etc., Ins. Co.*, 133 N. Y. 394; *Davis Shoe Co.* v. *Kittanning Ins. Co.*, 138 Pa. St. 73, 21 Am. St. Rep. 904, note; *Vangindertaelen* v. *Phoenix Ins. Co.*, 82 Wis. 112, 33 Am. St. Rep. 29, and note.

The court did not err in refusing appellant's request for instruction number 12 (Reporter set forth in note).* As an abstract proposition of law, it was correct; but it had no application here, for appellee, although not the absolute owner, had an insurable interest in the property covered by this policy. *Holbrook* v. *Ins. Co.*, 25 Minn. 229; *Reed* v. *Williamsburg City Fire Ins. Co.*, 74 Me. 537. See *Tyler* v. *Aetna Ins. Co.*, 12 Wend. 507; *Berry* v. *American Central Ins. Co.*, 132 N. Y. 49; *Strong* v. *Manufacturers' Ins. Co.*, 10 Pick. 40, 20 Am. Dec. 507, note, pp. 570, 571; *Merritt* v. *Farmers Ins. Co.*, 42 Ia. 13; *Williams*

*Request for instruction No. 12 was as follows:

"12. The jury are instructed that the plaintiff could not in any event recover for insurance on property which he did not own." (Rep.)

v. *Roger Williams Ins. Co.,* 107 Mass. 377-79; *Hartford Fire Ins. Co.* v. *Keating,* 86 Md. 130, 63 Am. St. Rep. 499, note.

Request for instruction number 11 (Reporter set out in note)† was in conflict with the doctrine announced by this court in *German Insurance Company* v. *Gibson,* 53 Ark. 494. See also *Planters Ins. Co.* v. *Loyd,* 67 Ark. 584; *People's Mutual Ins. Co.* v. *Goyne, ante* p. 315.

The court did not err in refusing request for instruction number 6 for appellant, and in giving it with the added words (Reporter set out in note)‡. The instruction as amended by the court and given was based upon the evidence, and is in conformity with the doctrine announced by this court in *Insurance Co.* v. *Brodie,* 52 Ark. 11; *Sprott* v. *Insurance Co.,* 53 Ark. 215; *German Ins. Co.* v. *Humphrey,* 62 Ark. 348; *Phoenix Ins. Co.* v. *Flemming,* 65 Ark. 54; *People's Mut. Ins. Co.* v. *Goyne, supra; Security Mutual Ins. Co.* v. *Woodson, ante* p. 266.

We find no reversible error in the granting or refusing requests for instructions, except the sixth mentioned below. The sixth instruction, given on behalf of the appellee, directing the jury to calculate the interest from the date of the fire, is erroneous. Interest should have been computed from the date the policy is made payable, which in the present case is 60 days after the proof of loss. *Southern Insurance Co.* v. *White,* 58 Ark. 227. The proof of loss, as shown by the registry receipt, was

---

†Instruction number 11, requested by appellant and refused by the court, was as follows:

"11. The jury are instructed that a requirement of amended proofs of loss by the defendant insurance company, or its agents authorized to represent it in adjusting losses, will not preclude the company from relying on the invalidity of the policy sued on by reason of any requirement therein that the property mentioned in the policy belongs to the assured as the sole and unconditional owner." (Rep.)

‡Instruction number 6 asked by appellant was as follows:

"6. Where a policy of insurance provides that it shall be void in the event the insurer is not the sole and unconditional owner of the property covered thereby, such sole and unconditional ownership in the assured is a condition precedent to a right of recovery."

The court refused to give instruction No. 6 as asked, but added the following words: "And, unless you believe by a preponderance of the evidence that same was waived by defendant, you should find for defendant." (Rep.)

given to the company on the 13th of February, 1901. Interest therefore should have been calculated from April 13, 1901.

'Appellee offers to remit the excess of interest over the proper amount. The clerk will therefore enter the proper remittitur, and the judgment for the residue will be affirmed.

Hill, C. J., (dissenting.) The appellee's testimony showed that an adjuster of appellant company came to Nashville after the fire to investigate and adjust the loss, that he was informed of the condition of the title to the surreys, buggies, etc., and that in a subsequent conversation the adjuster told appellee's representative that the first proof of loss which had been sent in was not sufficient, as it included property that was not included in the policy, and that further proofs would have to be furnished. The appellee did furnish thereafter correct proofs. This statement of the adjuster should not be sufficient to work an estoppel against the company proving the contract of insurance had been violated by appellee. The adjuster was on an investigating tour, gathering all facts necessary and proper to pass on the claim, and most likely the course of the company would not be determined till his report was in. He volunteered to point out an insufficiency in the proof of loss, in order that it might be corrected and the claim not defeated on any ground connected with a defect in the proofs. An estoppel should be invoked covering any other defect in the proofs of loss than the one mentioned by the adjuster, but I do not think the estoppel should, from this mere statement, be invoked against defending the action on its merits.

This is the view I took of the case on the hearing, but I did not formally dissent; but on the rehearing my impressions have been deepened, and I have concluded to file this dissent.