FENTRESS *v.* CITY NATIONAL BANK.

Opinion delivered January 24, 1927.

1. APPEAL AND ERROR—FORMER APPEAL—LAW OF CASE.—Where a case has been to the Supreme Court and been reversed, the law announced on the former appeal is the law of the case when it comes up on second appeal.

2. BILLS AND NOTES—BLUE SKY LAW.—In an action by the holder of note executed in violation of the Blue Sky Law (Crawford & Moses' Dig., § 751 *et seq.*) evidence that the holder knew of the condition of the corporation for whose stock the note was given was immaterial, since the only issue was whether the holder knew

that the note was given for stock sold in violation of the Blue Sky Law.

3. LICENSES—BLUE SKY LAW.—Where a corporation issued and sold stock in violation of the Blue Sky Law (Crawford & Moses' Dig., § 751, *et seq.*), and took the buyer's note, such note was void in the hands of an assignee with knowledge.

4. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where there is any substantial evidence to sustain a verdict of the jury on question of fact properly submitted to it, the verdict will not be disturbed on appeal.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Roy Gean,* for appellant.

*Cravens & Cravens* and *James B. McDonough,* for appellee.

MEHAFFY, J. This is the second appeal in this case. When the case was in this court on appeal first (*City Nat. Bank* v. *Baum,* 166 Ark. 18, 265 S. W. 648), this court held that the note was void, and a recovery could not be had unless the bank was an innocent holder thereof. The court stated: "It follows therefore, from the decision in the Randle case, *supra,* that the payee in a note executed in violation of the Blue Sky Law cannot recover; but it also follows, from the case of *German Bank* v. *DeS'hon, supra,* that the right to recover on such a note will not be denied an innocent holder because the Blue Sky Law does not contain the declaration that contracts executed in violation thereof are void. The judgment of the court below will therefore be reversed, with directions to submit to the jury the issue whether the bank is an innocent holder thereof."

When a case has been in this court and reversed, the law announced in the former appeal is the law of the case when it comes here on the second appeal.

"Propositions of law once decided by an appellate court are not open to reconsideration in that court upon a subsequent appeal or writ of error." *Brown* v. *Zinc Co.,* 179 Fed. 309; *Hunt* v. *Illinois Ry. Co.,* 184 U. S. 77.

"An actual decision of any question settles the law in respect thereto for further action in the case." *Mutual Life Ins. Co.* v. *Hill,* 193 U. S. 551.

"Where the facts appearing upon a second appeal are the same as those upon a former appeal, the legal effect of the facts is determined by the decision on a former appeal, which is the law of the case for the second appeal." *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, 96 S. W. 393.

The facts in the present case are substantially the same as the facts in the case heretofore decided by this court. It therefore follows that the law as announced in 166 Ark. 18, 265 S. W. 648, is the law of this case on this appeal.

It would be useless to set out the testimony at length. There was no dispute about the fact that the notes were given for stock issued by the corporation without having complied with the Blue Sky Law, and were therefore uncollectable, according to the opinion of this court, unless the plaintiff was an innocent holder. This was really the only issue in the case. Appellant offered to introduce evidence tending to show that the holder of the note had knowledge of the condition of the corporation selling the stock when appellee took the note. We think this was immaterial because, whether the corporation was solvent or insolvent, in good condition or bad condition, the note was uncollectable if the holder knew that it was given for stock which was issued and sold in violation of the Blue Sky Law. Appellant did not have to prove the condition of the corporation, did not have to prove any representations inducing him to purchase the stock. Even if the corporation had been solvent, and no matter how prosperous it may have been, if it issued and sold the stock in violation of the Blue Sky Law and took the note for said stock, the note was void, and, if the appellee knew these facts, it could not recover. It was admitted that the stock for which the note was given was sold in violation of the Blue Sky Law, and the court

instructed the jury that the burden was upon the appellee to show that it was an innocent holder.

The only thing necessary for appellant to show, in order to entitle him to a verdict, was that the appellee knew that the note was given for stock of the corporation which had been sold in violation of the law. Appellant offered no proof tending to show that the appellee knew of any fraud, or knew that the note was given for stock. On the contrary, the appellee's testimony tended to show that it was an innocent holder, and the question was submitted to the jury under instructions from the court telling the jury that the burden was on the appellee to show that it was an innocent holder. It was a question of fact submitted to the jury under proper instructions, and the jury found in favor of the appellee.

The appellant offered to show that he was approached by the secretary and treasurer of the Crystal Glass Company, solicited to buy stock, and that false representations about others purchasing stock and about the condition of the company were made to him, and that he took these statements into consideration when he bought the stock, but he did not offer any proof tending to show that the appellee knew that the notes were given for stock issued in violation of the statute.

There was also some proof that the president of the bank advised one witness to not purchase the stock, but this does not tend to prove that he knew that the note which the bank held was issued for stock. It would be useless to prolong the discussion, for, as we have said, it was a question of fact properly submitted to the jury, and, if there is any substantial evidence to sustain the verdict of a jury, it will not be disturbed on appeal. It therefore follows that the case must be affirmed.