GARRETT *v.* ROY STURGIS LUMBER COMPANY.

4-6163                                                    146 S. W. 2d 701

Opinion delivered January 20, 1941.

*Curtis L. DuVall* and *Sid J. Reid,* for appellant.

*I. S. McClellan* and *Gaughan, McClellan & Gaughan,* for appellee.

HUMPHREYS, J. Appellees were the joint owners of about five thousand acres of land and the timber thereon except that part of the land conveyed by them to Theo Anderson on the 28th day of December, 1937, but on which they reserved the timber.

Appellants were injured on the 3rd day of August, 1938, in a collision between their automobile and a truck

being driven by Ray Haddock and on September 11, following, filed a complaint in the circuit court of Grant county against appellees to recover damages for their several injuries alleging, in substance, that appellees were partners in business engaged in cutting and removing timber off of said tract of land in Cleveland county, Arkansas; that on or about the 3rd day of August, 1938, Ray Haddock, who was employed by appellees was driving a log truck south on highway No. 167 about four miles south of Sheridan, Arkansas, and attempting to pass another automobile while going up Black Hill, and while so engaged ran the truck negligently into appellants' car, completely demolishing said car and injuring all of them.

They prayed for damages in favor of A. N. Garrett for $5,000, Mrs. A. N. Garrett for $4,000, Ruth Garrett, minor, $6,000, Vivian Garrett, $2,500, and damages to the car for $600.

On the 18th day of November, 1939, appellee, Roy Sturgis, filed a separate answer as follows: Denied each and every allegation of appellants' complaint; denied that any partnership existed; denied that he shared in any profits that inured from the cutting, removing or hauling of said timber or that he was liable for any losses that may have occurred in such operation; denied that he exercised any supervision, authority, control or direction over such timber, stating that the cutting and removing of such timber was an independent enterprise of appellee, C. L. Gwinn, and further stating that the truck driven by Ray Haddock was not at the time employed by Roy Sturgis and never had been in his employment; and also stated that the accident complained of was unavoidable and not the result of any negligence of or on the part of Roy Sturgis or anyone as his agent. The prayer of the answer was that the complaint be dismissed.

On the same date appellee, C. L. Gwinn filed a separate answer denying each allegation of appellants' complaint and stating that the accident complained of was unavoidable, was not the result of the negligence of appellee, C. L. Gwinn, but that it was the result of appel-

lants' own negligence and prayed that appellants' complaint be dismissed.

The cause was submitted upon the issues joined and appellants introduced their evidence at the conclusion of which appellee, Roy Sturgis, moved that the court instruct the jury to return a verdict for him upon the ground that he was not liable to either of the appellants on account of the injuries they received in the collision. The court sustained the motion over the objection of appellants finding that the allegations of the complaint with respect to appellees, Roy Sturgis and C. L. Gwinn, being partners in the business of cutting and hauling timber, was not sustained, and that the evidence was legally insufficient to submit to the jury for its determination of any question of fact as to the liability of Roy Sturgis and instructed the jury to return a verdict for him, whereupon appellants took a non-suit as to appellee, C. L. Gwinn, from which judgment dismissing the complaint as to Roy Sturgis appellants have duly prosecuted an appeal to this court.

Each of the appellants and certain witnesses testified to matters relative to the manner in which the accident occurred and the extent of the injuries sustained. The only witnesses introduced by appellants as to whether appellees were partners in the cutting and hauling of timber from the Berg tract of land were J. T. McAllister, Ray Haddock, Leon Sorrels and John Henry Williams. The substance of their evidence was to the effect that Ray Haddock was in the employ of C. L. Gwinn; that the truck he was driving was owned by C. L. Gwinn; that logs from the Berg tract of timber were being cut, hauled and sold by C. L. Gwinn to J. L. Williams Lumber Company at Sheridan; that when the logs were delivered to J. L. Williams & Sons they were scaled by an employee of J. L. Williams & Sons who made out a slip for the logs in the name of C. L. Gwinn and showed on the slips the driver of the truck that brought the logs; that there was entered upon each of these slips the price, $5 per 1,000 being paid for the logs and the price of $7 per 1,000 being paid for cutting and hauling the timber; that these slips were turned in by the scaler to J. L. Wil-

liams & Sons' bookkeeper who, at the request of C. L. Gwinn and by direction of his superior, kept for J. L. Williams & Sons two separate and distinct ledger accounts, one in the name of Sturgis and Gwinn for stumpage and the other for the cutting and hauling of the timber in the name of C. L. Gwinn; that as J. L. Williams & Sons made payment on these accounts they issued checks to Sturgis and Gwinn in payment of all sums due for the timber at the rate of $5 per 1,000; that checks were issued to C. L. Gwinn in payment for cutting and hauling the logs; that the cost of the timber was kept separate from the hauling and cutting of the timber and payments were made by J. L. Williams & Sons to Gwinn for the cutting and hauling and to Sturgis and Gwinn for the stumpage or price of the timber.

This suit is predicated on the theory that appellee, Sturgis, was in partnership with appellee, Gwinn, in cutting and hauling timber from the Berg tract of land and sharing in the profits derived from such business.

We do not think the evidence in this case reflects that Sturgis and Gwinn had any intent of becoming partners in the cutting and hauling of the timber from the Berg tract. There is no evidence in the record showing that they held themselves out as partners in such an operation. This court said in the case of *Roach* v. *Rector,* 93 Ark. 521, 123 S. W. 399: "As between the parties themselves, before it can be said that the relationship of partners has been created, it is therefore essential that the parties themselves intended by the effect of their contract to form such partnership business, and that they should have common ownership and community of interests in the profits of the business, and that they should share in some fixed proportion in the profits thereof only as profits of the business. *Culley* v. *Edwards,* 44 Ark. 423, 51 Am. Rep. 614; *Johnson* v. *Rothschilds,* 63 Ark. 518, 41 S. W. 996; 30 Cyc. 366."

The evidence affirmatively shows that they did not share in the profits derived from the business.

The only thing the evidence shows is that they jointly owned certain timber on the Berg tract of land and joint

ownership of property is not sufficient to constitute a partnership. This court said in the case of *Lacotts* v. *Pike,* 91 Ark. 26, 120 S. W. 144, 134 Am. St. Rep. 48, that: "In order to constitute a partnership it is necessary that there be something more than a joint ownership of property. A mere community of interest by ownership is not sufficient. This creates a tenancy in common, but not a partnership."

"There must be a sharing of the profits." 47 C. J. 668 and 677, 695 and 702.

Under the undisputed evidence the court properly sustained the motion of Roy Sturgis at the conclusion of appellants' evidence to dismiss the suit against him. As stated above, his liability was based upon a partnership existing between him and Gwinn for cutting and hauling timber from the Berg tract and the testimony introduced by appellant wholly failed to sustain the allegation of the complaint, but did sustain the denials in his answer that he was not interested in any manner in cutting and hauling the timber from the Berg tract at the time appellants were injured by the truck which was individually owned and operated for the separate and sole benefit of C. L. Gwinn.

No error appearing, the judgment is affirmed.