SHELTON *v.* GASTON.

4-9972                                              254 S. W. 2d 679

Opinion delivered February 9, 1953.

*E. H. LaMore* and *Oscar E. Ellis,* for appellant.

ROBINSON, Justice. This suit involves an alleged conversion of several head of cattle. The action was tried before a jury which rendered a verdict for the defendant; and the plaintiff in the trial court is the appellant here.

Appellant, G. P. Shelton, contends that he is the owner of certain cattle which he turned over to Antone Westall under an agreement whereby Westall would receive one-third of the increase, as consideration for looking after the cattle. On the other hand, Westall contends that not only was he to get one-fourth of the in-

crease but was to be the owner of one-fourth of the entire herd, as consideration for his services.

Westall, without the knowledge of appellant, sold one-third of the cattle to appellee, Carl Gaston. Soon after Shelton learned of the sale, he filed suit against Gaston for conversion. Upon trial the jury returned a verdict in favor of Gaston. On appeal Shelton claims the trial court erred in submitting to the jury the issue of whether a partnership existed between him and Westall.

Instruction C, given by the court, reads in part; "... there is evidence tending to show that the relationship of the witness, Antone Westall, and the plaintiff, G. P. Shelton, in connection with the cattle, was that of a partnership. If you believe, by a preponderance of the evidence, that a partnership and not a mere joint ownership, with regard to the cattle and the farm, existed between the plaintiff, G. P. Shelton, and the witness, Antone Westall, at the time the cattle were sold, by Westall, then in that event, Westall would have a right to sell the cattle ..." Instruction D defined a partnership. These instructions were given over the objection and exception of appellant.

There is no evidence in the record that justifies an instruction on a partnership. In fact, the record does not indicate that either side claimed a partnership existed.

From the pleadings in the case and the testimony of the witnesses, it appears that the only dispute between the parties is that appellant, Shelton, maintains Westall was to receive only one-fourth of the increase from the cattle as a consideration for looking after them, whereas Westall claims that he was to be paid, as such consideration, one-fourth of all the cattle.

Regardless of which one is correct in his contention, they would be co-owners and not partners. The Uniform Partnership Act, Ark. Stats., § 65-107 (2) and (3) provides:

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part

ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

"(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived."

"In order to constitute a partnership it is necessary that there be something more than a joint ownership of property. A mere community of interest by ownership is not sufficient. This creates a tenancy in common, but not a partnership." *Garrett* v. *Roy Sturgis Lumber Company*, 201 Ark. 752, 146 S. W. 2d 701.

Reversed and remanded for a new trial.