SHELTON v. GASTON.

5-746                                                    283 S. W. 2d 154

Opinion delivered October 31, 1955.

Oscar E. Ellis, for appellant.

W. E. Billingsley, for appellee.

J. SEABORN HOLT, J.  This is the second appearance of this case here. February 9, 1953 in our former opinion, Shelton v. Gaston, 221 Ark. 583, 254 S. W. 2d 679, we reversed the judgment and remanded the case for a new trial, for error of the trial court in submitting to the jury the issue whether a partnership existed between Gaston and Westall. We said in that opinion:

"This suit involves an alleged conversion of several head of cattle. . . .

"Appellant, G. P. Shelton, contends that he is the owner of certain cattle which he turned over to Antone Westall under an agreement whereby Westall would receive one-third of the increase, as consideration for look-

ing after the cattle. On the other hand, Westall contends that not only was he to get one-fourth of the increase but was to be the owner of one-fourth of the entire herd, as consideration for his services.

"Westall, without the knowledge of the appellant, sold one-third of the cattle to appellee, Carl Gaston. Soon after Shelton learned of the sale, he filed suit against Gaston for conversion. Upon trial the jury returned a verdict in favor of Gaston. . . .

"From the pleadings in the case and the testimony of the witnesses, it appears that the only dispute between the parties is that appellant, Shelton, maintains Westall was to receive only one-fourth of the increase from the cattle as a consideration for looking after them, whereas Westall claims that he was to be paid, as such consideration, one-fourth of all the cattle. . . .

"Reversed and remanded for a new trial."

The mandate from this court was filed with the Clerk of the Izard Circuit Court March 17, 1953. Thereafter, March 22, 1954, appellant filed motion in effect for judgment on the pleadings and evidence on the former trial, which motion was overruled. On March 28, 1955, more than a year later, appellant filed a second motion which was in effect a renewal of his first motion. This second motion contained this language: "Said plaintiff [Appellant] now announces to the Court that he will stand upon said motion and still insists upon the same and to his objections and exceptions to the said ruling of the Court and will now proceed no further in this case in this Court." This motion was also overruled, whereupon appellant refused to plead further and the cause was dismissed.

For reversal appellant argues that the action of the trial court was contrary to the law and the evidence. We do not agree. As indicated under our directive, this cause was reversed and remanded *for a new trial.* Appellant steadfastly refused to avail himself of the opportunity to try the case again. In this situation the case stands

as if no action had been taken, or trial had, in the trial court. Our rule is clearly announced in the situation such as is here presented in *Deason & Keith* v. *Rock,* 149 Ark. 401, 232 S. W. 583. We there said: . . . " 'when a cause is remanded broadly for a new trial, all the issues in the case are open for trial anew the same as if there had been no trial. On a reversal of a cause by this court, it seldom occurs that the same is remanded for a new trial; but when such is the direction of this court, then the case stands for trial precisely the same as if there had never been any trial.' It follows, therefore, from this expression of the court that, unless the direction for a new trial is specifically made upon a part or all of the issues involved, a direction for further proceedings according to law and not inconsistent with the opinion can mean nothing more than to render a decree in accordance with the record made."

"When on an appeal or writ of error a cause is reversed and remanded for new trial, the case stands as if no action had been taken by the lower court," *Hartford Fire Insurance Company* v. *Enoch,* 79 Ark. 475, 96 S. W. 393. See also *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357, 9 A. L. R. 2d 1040.

Judgment affirmed.