C. J. HENSON v. GOVERNMENT EMPLOYEES
FINANCE & INDUSTRIAL LOAN CORPORATION

74-190                                        516 S.W. 2d 1

Opinion delivered December 2, 1974

---

*Jeff Duty*, for appellant.

*Dobbs, Pryor & Hubbard*, for appellee.

GEORGE ROSE SMITH, Justice. This is an action in replevin brought by the appellee, a finance company engaged in business at Arlington, Virginia. The appellant is the owner of a garage at Bentonville, Arkansas. The parties assert rival claims to a Rover sedan that ha' been owned by Sam R. Laws. The issue, upon facts that do not seem to have yet been fully developed, is that of priority between the finance company's security interest in the Rover and the appellant's possessory claim to the vehicle. The trial judge, sitting as a jury, upheld the finance company's priority and entered a money judgment against Henson, on the ground that the vehicle had unaccountably disappeared while it was in Henson's possession.

We state the facts most favorably to the appellee. In the latter part of August, 1972, Laws brought a disabled Rover to Henson's garage at Bentonville. Efforts to repair it were not successful. Henson sold Laws a 1964 Lincoln car, on credit, for $595. Laws promised to have the money within a week and left the Rover as security for the debt. Some two months later Laws brought back the Lincoln, which, according to Henson, had "busted rings" and would not start. Apparently Laws had obtained a license for the Lincoln by registering it in Colorado. Upon Henson's refusal to rescind the sale without having been paid, Laws departed, leaving both cars.

On November 2, 1972, which was apparently a few days

later, an employee of the appellee finance company telephoned Henson and asserted a first lien against the Rover under a chattel mortgage that had been executed by Laws in Virginia more than a year earlier. Henson informed the caller that he planned to sell the Rover on November 4 to satisfy his claim.

On November 3, the day after that telephone call, Robert Blaylock, an employee of Arkansas Automobile Recovery, acting for the finance company, went to Henson's place of business to take possession of the Rover. Blaylock offered to pay any repair bills that were owed on the Rover, but Henson refused to accept the offer or to surrender the vehicle, which was then on the premises.

On November 7 the finance company filed this action in replevin to recover the Rover. That afternoon one of the company's attorneys accompanied a deputy sheriff to Henson's garage to serve the writ of replevin. Henson stated that he did not know where the Rover was, though he said he had not sold it. At the trial Henson again disclaimed any knowledge of the Rover's whereabouts.

The trial judge found that Henson "wrongfully held possession of the [Rover] owned by the plaintiff on November 2, 1972, and that the plaintiff was entitled to possession at that time." The court awarded the appellee a judgment against Henson for $1,750.63, which was the unpaid balance upon the plaintiff's mortgage and also the agreed value of the Rover.

We cannot sustain the court's finding that upon the facts shown the appellee's claim is prior to that of the appellant. All that the finance company relies upon is a chattel mortgage that is not shown to have been filed, pursuant to the Uniform Commercial Code, either in Virginia or in Arkansas. Without such a filing the appellee's security interest has not been perfected. Ark. Stat. Ann. § 85-9-302 (Supp. 1973). The appellee argues that the record contains no proof that its chattel mortgage was not duly filed, but it is elementary that the appellee, as the plaintiff, had the burden of proving its right to prevail.

On the other hand, Henson had possession of the Rover

when, as found by the circuit court, he "wrongfully" refused to surrender it. The Code, recognizing the validity of a common-law pledge, provides that a security interest in goods may be perfected by the secured party's taking possession of the collateral. Ark. Stat. Ann. § 85-9-305. Goods, as far as this case is concerned, are defined to include all things that are movable at the time the security interest attaches. § 85-9-105. Thus the common-law validity of a possessory lien is carried forward in the Code. See Anderson, Uniform Commercial Code, §§ 9-302:10 and 9-305:4 (2d ed., 1971); Ruud, *Secured Transactions: Article IX,* 16 Ark. L. Rev. 108, 125 (1961).

It follows that the trial court was in error in giving priority to the appellee's chattel mortgage. The cause must therefore be remanded for a new trial, which may involve a re-examination of any or all issues. *Clark* v. *Ark. Democrat Co.,* 242 Ark. 497, 413 S.W. 2d 629 (1967); *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, 96 S.W. 393 (1906). Therefore we need not discuss issues that depend upon the development of the proof, such as the appellee's standing if its mortgage was actually filed or the effect of either party's compliance with our motor vehicle title registration act. See Ark. Stat. Ann. § 85-9-302(4) and § 75-160 (Supp. 1973).

Reversed and remanded for a new trial.