[No. 15186.   Department One.—June 19, 1894.]

# JOHN BENSON, RESPONDENT, *v.* J. M. SHOTWELL, APPELLANT.

APPEAL—LAW OF CASE—IDENTICAL FACTS ON SECOND APPEAL.—Where the facts appearing upon a second appeal are the same as those upon a former appeal, the legal effect of the facts is determined by the decision on the former appeal, which is the law of the case, for the second appeal.

ID.,—QUESTIONS OF FACT NOT CONCLUDED.—The rule of the law of the case has no application to questions of fact, and nothing said in the opinion on a former appeal as to the facts can bind the trial court upon a second trial or be conclusive upon a second appeal.

VENDOR AND PURCHASER—EXAMINATION OF TITLE—REFUSAL OF VENDOR TO EXHIBIT AND RECORD DEED.—Where the purchaser requested the vendor to exhibit his deed, and to allow it to be recorded, and the vendor called with the deed in his hand, but did not open or exhibit it, and stated that he considered the original better than a record of it, and would give it to the purchaser on delivery of the property, whereupon he took it away, and did not record it, such action of the vendor was, in substance, a refusal to submit the deed for examination, or to allow a record to be made of it.

ID.—TENDER AND DEMAND BY PURCHASER—FAILURE OF VENDOR TO DELIVER POSSESSION.—Where the purchaser, at the maturity of the contract of purchase, tendered the purchase money, and demanded compliance with the contract by the vendor, if the vendor does not tender or give to the purchaser the actual and present possession of the land described in the contract upon such tender and demand, the purchaser is released from the contract, and a subsequent tender of possession would be unavailing.

ID.—WAIVER OF POSSESSION—ACTS BETWEEN VENDOR AND PARTIES IN POSSESSION—KNOWLEDGE OF PURCHASER.—Evidence of subsequent transactions between the vendor and third persons in possession of the premises, which are not shown to have been known to the purchaser, or to have been acted upon by him, is not sufficient to show any waiver by the purchaser of the delivery of possession demanded by him at the time of tender of the purchase money.

ID.—CHANGE OF WRITTEN CONTRACT—UNEXECUTED ORAL AGREEMENT.— The provisions of a written contract of purchase cannot be altered by an unexecuted oral agreement.

ID.—MOTIVES OF PURCHASER IMMATERIAL.—The purchaser has a right to insist strictly on the contract of purchase, and the motives or good faith of the purchaser in so doing are immaterial, and cannot be inquired into.

ID.—OBJECTION TO EVIDENCE—ERASURE NOT SHOWN IN RECORD.—Where a certificate of acknowledgment is sufficient in form, an objection to it on the ground that an erasure appears thereon cannot be considered, where the erasure does not appear in the record otherwise than by the objection.

Id.—Evidence Stricken Out—Error Cured.—Where evidence, the admission of which is objected to, is stricken out, an exception to its admission cannot be considered upon appeal.

Id.—Evidence Given Upon Former Trial—Witness Out of Jurisdiction.—Where a witness is shown to be out of the jurisdiction of the court, the testimony of the witness taken on a former trial is admissible.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court, and in the opinion reported in 87 Cal. 49.

*A. N. Drown,* for Appellant.

The former decision establishes the law of the case upon this appeal. (*Stanton* v. *French,* 91 Cal. 274, 276; 25 Am. St. Rep. 174; *Emeric* v. *Alvarado,* 90 Cal. 448, 481; *Wise* v. *Williams,* 88 Cal. 30, 32; *Moulton* v. *Knapp,* 88 Cal. 446; *Christy* v. *Spring Valley Water Works,* 84 Cal. 541, 542; *In re Cook,* 83 Cal. 415, 418; *Burton* v. *Burton,* 79 Cal. 490, 493; *Gwinn* v. *Hamilton,* 75 Cal. 265; *Mulford* v. *Estudillo,* 32 Cal. 131, 137.) Under the contract defendant was entitled to a good title of record. (Pomeroy on Specific Performance, sec. 201, note 3; *Benson* v. *Shotwell,* 87 Cal. 60; *Sheehy* v. *Miles,* 93 Cal. 288, 292, 299.) The deed tendered by the plaintiff did not cure the defect in the record title, and therefore the tender was not sufficient. (*Smith* v. *Schiele,* 93 Cal. 144, 150.) The contract entitling the defendant to the actual possession of the property, his rights thereunder could not be changed, except by another writing or by an executed parol agreement. (Civ. Code, sec. 1698; *Smith* v. *Taylor,* 82 Cal. 533, 546; *Tapia* v. *Demartini,* 77 Cal. 388; 11 Am. St. Rep. 288; *Taylor* v. *Soldati,* 68 Cal. 27, 28; *Erenberg* v. *Peters,* 66 Cal. 115.)

*Pringle, Hayne & Boyd,* for Respondent.

Van Fleet, J.—This is the second appeal in this case. The first appeal was from a judgment in favor of

plaintiff, which was reversed, and the cause was remanded for a new trial. (87 Cal. 49.) On the second trial, the plaintiff again recovered judgment, and the defendant appeals from the judgment and an order denying his motion for a new trial.

The facts are sufficiently stated in the opinion of the court on the former appeal. On that appeal it was determined, as matter of law, that, by the terms of the contract in question, defendant was entitled to a good paper title of record, and was not bound to accept a title resting on matters *dehors* the record; that the title tendered by plaintiff was not such as was required by the contract; that defendant was entitled to receive an actual *possessio pedis* of the whole lot, and was not bound to accept a constructive possession by attornment of tenants; and that the attempted delivery of possession did not meet the requirements of the contract. The facts disclosed by the record on this appeal are, in substance, the same as those which were before the court on the former appeal; and the propositions of law there decided are therefore the law of this case, and we are not at liberty to reconsider them. It is true that nothing that was said in that opinion as to the facts could bind the court below upon the second trial, nor be conclusive now, since the rule of the law of the case has no application to questions of fact. But the evidence on the last trial appears to us to be without any material conflict, and indeed without any conflict whatever, nor can there be any question as to the inferences to be drawn from it, and it discloses a state of facts precisely the same as that on which the former decision was based. The legal effect of those facts was determined by that decision, and the case must now be determined accordingly.

The argument of respondent is practically confined to a restatement of the points discussed on the former appeal, and does not disclose any material particular in which the evidence differs from that on the former trial. Some points are suggested, as to which it is

claimed that the evidence is now different.  Some of
them are as to matters entirely immaterial; and, as to
the others, we fail to discover any such difference.
Respondent contends that the evidence does not now
show that plaintiff "refused" to submit his deed for
examination, or to permit it to be recorded correctly.
But the evidence, viewed most favorably to plaintiff,
shows now, as it showed then, that five days before the
expiration of the time limited in the contract, defend-
ant wrote to plaintiff, saying, "If you have the deed in
your possession among the papers relating to the lot,
please let me have it, to show Mr. Drown, and, if neces-
sary, have it re-recorded"; that plaintiff called on
defendant, with the deed in his hand, and stated what
it was, but did not open it, or show it to defendant; that
defendant asked him why he did not record it, and his
reply was that he considered the original deed better
than any record, but that he would give it to defendant,
with the rest of the papers, on the delivery of the prop-
erty; and that he thereupon took the deed away, did
not record it, and had no further communication with
defendant on the subject.  On cross-examination, plain-
tiff admitted that he never proposed to do any thing with
the deed, beyond delivering it to defendant when he
should take the property.  In view of the request con-
tained in defendant's letter, plaintiff's conduct must be
considered as amounting to a refusal to submit the
deed for examination by counsel, or to have it recorded;
and his testimony that he did not "decline" to put it
on record, or to allow defendant to do so, is a mere con-
clusion, to which no weight can be attached.

With regard to the attempted delivery of possession,
respondent claims that the evidence now shows that the
persons supposed to be in occupation at the time who
were not found, nor their names ascertained, turned
out afterwards to be mere licensees or servants of known
tenants, and who had no possession to deliver, and also
that the apparent adverse occupation by Mrs. Klumpke
was afterwards discovered not to be adverse.  It is not

necessary to review the evidence on these points, though we fail to discover any substantial divergence from the former testimony. It is sufficient to say that on September 22d, when the only attempt at delivery was made, no delivery was affected. None of the tenants vacated; and Mrs. Klumpke, by her tenant, remained in the actual possession of the strip in the rear. At no time did plaintiff tender to defendant the actual, present possession of the lot described in the contract. Defendant, having on the day of the maturity of the contract tendered full performance on his part, was not bound to repeat his offer, and no tender was thereafter made by plaintiff. Indeed, though time was not originally of the essence of the contract, it was made so by the demand of defendant, and the failure of plaintiff to comply with it, and a subsequent tender by plaintiff, would have been unavailing.

Respondent also claims that the proof shows a waiver by defendant of the delivery of actual possession. The evidence relied on for this purpose was before the court on the former appeal, but it is contended that, as the allegation of waiver was inserted in the pleadings since the former trial, the question is now open. We see nothing in the facts relied on from which any waiver can be inferred. They do not indicate any intention on defendant's part to waive any thing. They consist solely of transactions with third parties. Plaintiff is not shown to have known of them, or to have acted upon them; defendant received no consideration for any waiver; and, lastly, the provisions of the written contract could not be altered by an unexecuted oral agreement, if one had been made. (Civ. Code, sec. 1698.)

The court below found that the grounds upon which defendant based his refusal to take the lot were but pretenses—mere excuses for retiring from the bargain—and were not made in good faith. We fail to find the slightest evidence to support that finding, or to impugn defendant's entire good faith. But, if the fact were as

found, it would be immaterial; defendant was entitled to insist strictly on the contract, and his motives for doing so cannot be inquired into.

The findings as to the controverted matters are, therefore, unsupported by the evidence, and respondent, indeed, admits that some of them are so. A new trial must therefore be granted.

. It is not necessary to notice all the assignments of error in law. The certificate of acknowledgment to the deed from Agard to Perrie was sufficient, and the existence of an erasure not shown, otherwise than by defendant's objection. The testimony of Moxley as to conversations with Hansen was stricken out, and the exception to its admission, therefore, cannot be considered. The testimony of Christie showed that the witness Aspden was out of the jurisdiction of the court, and the testimony of the latter, taken on the former trial, was admissible. (*Hicks* v. *Lovell*, 64 Cal. 22; 49 Am. Rep. 679.) The other assignments do not require notice. The judgment and order denying a new trial are reversed, and the cause remanded for a new trial.

HARRISON, J., concurred.

GAROUTTE, J., concurring.—I concur in the judgment, and what is said by Mr. Justice Van Fleet. If Benson had repudiated his contract entered into with Shotwell, for the sale of this land, then Shotwell would have been entitled to recover from Benson the amount of money he had paid thereunder, less the actual damage sustained by Benson by reason of any breach of the contract committed by Shotwell. (*Shively* v. *Semi-Tropic etc. Water Co.*, 99 Cal. 260, and cases there cited.) Benson's conduct in bringing this action was, in effect, a repudiation of any rights of Shotwell under the contract. It was as substantial and effectual a repudiation as we can imagine. It necessarily follows that defendant in this action is at least entitled to recover the money he has paid to plaintiff under the contract, less

the damage suffered by reason of any breach thereof; and to this extent the questions as to whether plaintiff had a good title to the land, or was able to give defendant actual possession thereof, or made a good and valid tender of the deed, are entirely immaterial as I view the case, and the decisions of this court bearing upon the principles here involved. This is the first case coming before us where a vendor has attempted to quiet his title under the circumstances here presented, and I am clear that he can be entitled to such relief only upon the return of the money he has received from the vendee. This would seem to be sound equity, for the vendor has no right to both land and money.