[S. F. No. 29.    Department Two.—September 17, 1896.]

## C. P. ROBINSON, APPELLANT, *v.* R. S. THORNTON, RESPONDENT.

114  275
e 129  13
e 129  14

114  275
s 129  12
s 130  484

APPEAL—LAW OF THE CASE—QUESTION OF FACT—ADVERSE POSSESSION.—
The decision of the appellate court upon a former appeal that the evidence was sufficient to warrant a finding of adverse possession and a title by prescription, in the defendant, is of a question of fact, and the decision thereof does not become the law of the case, but upon a second trial, the jury might upon the same or additional evidence find the issue differently; and it is error for the court upon the second trial to take that question away from the jury, and to direct them, as the law of the case, to bring in a verdict for the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. A. A. SANDERSON, Judge.

The main facts are stated in the opinion rendered on a former appeal, reported in 102 Cal. 675, and further facts are stated in the opinion rendered on this appeal.

*T. M. Osmont,* for Appellant.

The lower court erred in its instructions. The appellate court does not undertake to adjudicate questions of fact, and the rule of the law of the case has no application to them. (*Benson* v. *Shotwell,* 103 Cal. 163.) The lower court, on a new trial, is not precluded from finding the facts differently, even though the evidence be the same on both trials. (*Mahan* v. *Wood,* 79 Cal. 259.)

*Edward F. Fitzpatrick, B. B. Newman,* and *Fox, Kellogg & Gray,* for Respondent.

The evidence was substantially the same on both trials and, therefore, it was the duty of the lower court to instruct the jury as it did. The points of law decided on the appeal in the case of *Robinson* v. *Thornton,* 102 Cal. 675, have become the law of the case (*Emeric* v. *Alvarado,* 90 Cal. 444–81; *Castagnino* v. *Balletta,* 82 Cal. 250–59; *Jaffe* v. *Skae,* 48 Cal. 540–43; *Tyler* v. *Magwire,* 17 Wall. 253–83; *Supervisors* v. *Kennicott,* 94 U. S. 498;

*Ames* v. *Quimby*, 106 U. S. 342–49; *Clark* v. *Keith*, 106 U. S. 464, 465; *Sibbald* v. *United States*, 12 Pet. 488–92; *Corning* v. *Troy etc. Factory*, 15 How. 459–66; *Sizer* v. *Many*, 16 How. 98–103; *Roberts* v. *Cooper*, 20 How. 467–81); and the lower court upon the new trial strictly adhered to it, as it was bound to do. (*Gage* v. *Downey*, 94 Cal. 241.)

THE COURT.—This case has been here before, and is reported in 102 California, commencing at page 675. In the opinion then delivered the history of the case is fully stated, and for the purpose of this present decision it is not necessary to restate it.

At the retrial, out of which this present appeal arises, the court, when the evidence had all been offered, instructed the jury as follows: "The court instructs you, as a matter of law, to wit, the law in this case as declared by the supreme court of this state in this case, that the title claimed by the plaintiff in this case has been shown to be extinguished; and that, as a matter of law aforesaid, the plaintiff has no title to the lands in dispute in this action, and your verdict must be for the defendant. The court instructs you as a matter of law, to wit, the law of this case, declared so by the supreme court in this case, that the plaintiff is not entitled to recover herein, and you are hereby directed to bring in a verdict in favor of the defendant Thornton." In accordance with these instructions the jury returned a verdict for the defendant.

These instructions were erroneous, and were given, no doubt, through a misunderstanding of what this court decided on the former appeal. It was there decided that by the foreclosure sale under the Wilson and Jordan mortgage the interest of the Greens in the disputed premises became extinguished, and, therefore, no title to said premises was acquired by the plaintiff Robinson under the attachment or execution sale set forth in the record. It was decided further, however, that the Greens, who were in possession at the time of the exection sale, and also Thornton, who was a vendee of the Greens,

were estopped to show that the Greens had no title at the time of such execution sale.   But it was further decided that Thornton was not estopped to set up an adverse possession and title by prescription, by establishing an adverse possession for the statutory period of limitation; and, further, that the evidence taken at the former trial was sufficient to warrant the finding that Thornton did have such possession for said statutory period, and the judgment was reversed on account of said adverse possession of Thornton.   But the question of such adverse possession is one of fact, and upon a subsequent trial the jury were not estopped by the decision of this court from finding the issue of such adverse possession differently from the finding at the former trial.   They might have found that issue differently, even though the testimony was the same as at the former trial, but, as a matter of fact, there was at the latter trial additional testimony on that point.   It was for the jury, therefore, to determine whether or not there was such adverse possession; and the court erred in taking that question away from the jury.   The questions of law arising out of the documentary evidence which established undisputed facts of course were determined by the former decision, but that decision is not final as to the question of Thornton's adverse possession for the statutory period, which is purely a question of fact to be determined by a court or jury upon the evidence brought before it upon a subsequent trial.   (*Bensen* v. *Shotwell*, 103 Cal. 165; *Mahan* v. *Wood*, 79 Cal. 259; *Wallace* v. *Sisson*, 113 Cal.) The verdict of the jury upon this question of adverse possession for the statutory period might have been the same as the finding at the former trial, but we cannot say, as a matter of law, that such should have been the verdict.   For these reasons the judgment must be reversed and a new trial ordered.

Judgment and order denying a new trial reversed.

Hearing in Bank denied.