MICHAEL J. DUGGAN *vs.* MATTHEW CUMMINGS CO.

Suffolk.     November 4, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes. *Practice, Civil,* Findings by judge.

A builder of structural steel made to a building contractor a proposal in writing "to erect the structural steel" on a certain building for a certain price per ton. The proposal stated: "This price is based on the present scale of wages." It specified certain things to be done in the course of the work and stated sixteen "Conditions" to which the proposal was subject. It contained certain unfilled blanks relating to the approximate number of tons upon which the named price was based, the time steel was to be ready for erection, the time shipments were to be completed, "Field Paint" and "Field Painting," and the date each month when certain payments were to be made by the contractor. The contractor on June 4 wrote the builder: "We hereby accept your proposition to erect the structural steel at . . .[the building named.] Please come into the office and we will draw up our standard form of contract." No "standard form of contract" was executed. The contractor refusing to be bound by the contract, the builder brought against him an action in a district court for its breach, at the trial of which there was no evidence as to what the defendant's "standard form of contract" was, and the judge, on evidence warranting his so doing, found that "plaintiff was ready and willing to execute said standard form but was told by defendant this was not necessary and was further told by defendant that they the plaintiff and defendant would proceed as they had in an earlier contract for similar business when no formal standard form of contract was executed"; and found for the plaintiff. The Appellate Division dismissed a report and the defendant appealed. *Held,* that

(1) The proposal of the plaintiff was a valid offer: the blanks therein did not make it too inadequate for enforcement upon its acceptance;

(2) The defendant's letter was a valid and unconditional acceptance of the offer: it did not purport to make acceptance conditional upon the execution of the defendant's "standard form of contract," and was not a counter offer;

(3) Proof of readiness and willingness on the part of the plaintiff to execute the defendant's "standard form of contract" was not essential to recovery by the plaintiff;

(4) It was not to be inferred from the fact that the trial judge made findings as to the execution of the "standard form of contract," which were immaterial in view of this court's interpretation of the writings, that his finding that a contract was made was based thereon; and it was not necessary to determine whether such immaterial findings were warranted by the evidence;

(5) The finding for the plaintiff was warranted.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 29, 1930.

In the Municipal Court, the action was heard by *Good*, J.

The first paragraph of the plaintiff's letter of May 4, 1930, to the defendant was as follows: "We agree to erect structural steel on Administration Building City Hospital, Boston, Mass. This includes unloading from trucks erecting all magor [*sic*] connections to be made with turn bolts, holes to be reamed from 13/16 to 7/8. All minor connections or beam to beam connections to be made with common bolts. Price for said work $17 per ton. This price is based on the present scale of wages." There then followed in separate lines the sentences with unfilled blanks quoted in the opinion. Following them were five paragraphs of specified terms, a statement, "This Proposal is Subject to the Conditions on the Reverse Side," a blank space for signatures of the parties, and, on the reverse side, sixteen numbered paragraphs of conditions, the last of which, respecting terms of payment, is quoted in the opinion.

Other material evidence and findings and rulings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $1,335.30. The action was reported to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*F. P. Garland,* for the defendant.

*A. C. Blake,* for the plaintiff.

FIELD, J.   This is an action of contract brought in the Municipal Court of the City of Boston to recover damages for breach of a contract for the erection by the plaintiff of the structural steel in a building.   The declaration alleges the making of a contract, a copy of which is attached thereto, and breach thereof by the defendant.   The copy set out consists of a written proposal by the plaintiff, dated May 4, 1930, addressed to the defendant, and a letter from the defendant to the plaintiff, dated June 4, 1930.   The answer is a general denial.   The question in controversy is whether a contract was made.

There was evidence that on May 4, 1930, the plaintiff submitted to the defendant the written proposal, set out in the declaration, for the erection of structural steel in a building, referred to therein, at the price of $17 a ton on terms therein stated, and that on June 4, 1930, the defendant wrote the letter to the plaintiff, set out in the declaration, which was received by the plaintiff, and which stated that "We hereby accept your proposition to erect the structural steel at the Administration Building, City Hospital.   Please come into the office and we will draw up our standard form of contract."   The proposal contained the following provisions, among others:  "Price for said work $17 per ton.   This price is based on the present scale of wages.   This price is based approximately [blank] tons of 2000 pounds and is subject to prompt acceptance.   Steel to be ready for erection [blank] Shipments completed [blank] Field Paint [blank] Field Painting [blank] . . . Terms of payment shall be as follows: — On or before the [blank] day of each month 85% of the value of labor performed the previous month.   Final payment of the balance of 15% within thirty days after the work included under this contract is completed."   The blank spaces indicated were not filled in.   There was evidence also that on June 10, 1930, the plaintiff and the defendant's president met at the defendant's office and its president then asked the plaintiff if he had received the letter of June 4, and, on

receiving an affirmative reply, asked if that was a good enough contract for him, and the plaintiff replied that "it was enough — all we had before." There was somewhat conflicting evidence as to a later conversation in regard to the terms of the contract, including evidence that nothing was said by the defendant's president then or at any other time with reference to the plaintiff's signing a "standard form of contract," but there was no evidence of any agreement to modify the contract, if a contract then existed.

The defendant made the following requests for rulings of law and findings of fact: "1. Upon the law and upon the evidence and the pleadings the plaintiff is not entitled to recover in this action upon the following grounds and each of them: (a) The evidence does not show that any contract was ever made by and between the plaintiff and the defendant. (b) The defendant's letter of June 4, 1930, in reply to the plaintiff's proposal of May 4, 1930, was not an unqualified acceptance of the plaintiff's proposal but was conditional upon the execution of the defendant's standard form of contract. (c) Upon all the evidence the plaintiff refused to execute the defendant's standard form of contract as provided for in the defendant's letter of June 4, 1930. (d) There is no evidence that the plaintiff was ready and willing to execute the defendant's standard form of contract as provided for in the defendant's letter of June 4, 1930. 2. The defendant's letter of June 4, 1930, in reply to the plaintiff's proposal was not an unqualified acceptance of the plaintiff's proposal but was conditional upon the execution of the defendant's standard form of contract. 3. The plaintiff's proposal on May 4, 1930, and the defendant's reply thereto dated June 4, 1930, at most constitute merely preliminary negotiations between the parties under which the parties contemplated a reduction to writing of their agreement setting forth the terms thereof before the agreement be considered as complete."

The judge denied the defendant's requests and found that a contract was made, that the defendant expressly waived execution of the "standard form of contract," that the

"plaintiff was ready and willing to execute said standard form but was told by defendant this was not necessary and was further told by defendant that they the plaintiff and defendant would proceed as they had in an earlier contract for similar business when no formal standard form of contract was executed," and that the plaintiff did not refuse to execute the defendant's "standard form of contract," and found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

Findings of fact are not reviewable on this appeal. It brings before us for review only the rulings of law made by the trial judge and reported by him to the Appellate Division, and the action of the Appellate Division thereon. G. L. c. 231, § 108; § 109, amended by St. 1929, c. 265, § 2. *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 467. We interpret the report as intended to report for determination the questions of law raised by the defendant's requests. In the denial of these requests we find no error.

A finding that a contract was made, as alleged in the declaration, was warranted. The written proposal of May 4, 1930, if made by the plaintiff to the defendant, as seems to be undisputed, amounted to an offer for a contract. The failure of the plaintiff to include therein an estimate of the amount of steel required for the work, and to fix the times at which portions of the work were to be completed, and the day of the month upon which each monthly payment was to be made, did not prevent this proposal's being an offer. Such provisions were not essential elements of an offer since without them an offer, if it ripened into a contract, was not too indefinite for enforcement. Nor was the proposal indefinite because the price fixed was stated to be "based on the present scale of wages." This statement in the proposal was an explanation of the provision that the price was "subject to prompt acceptance." The letter of June 4, 1930, was in terms an acceptance of this offer and did not purport to make acceptance conditional upon the execution of the defendant's "standard form of contract." Furthermore, in the absence of

evidence of the nature of the defendant's "standard form of contract," there is nothing to indicate that the defendant in requesting the execution of such an instrument contemplated that it would include any provisions of substance not contained in the plaintiff's proposal. Consequently, the express acceptance is not to be regarded as a counter offer. The proper interpretation of the writings is, therefore, not that they were merely preliminary negotiations between the parties, but that the parties thereby made a bargain, and the request of the defendant for the execution of its "standard form of contract" looked only to the expression of the bargain, already made, in a more formal document. The case resembles *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177, 182 (see also *Drummond* v. *Crane,* 159 Mass. 577, 579; and *American Smelting & Refining Co.* v. *United States,* 259 U. S. 75, 78), rather than *Lyman* v. *Robinson,* 14 Allen, 242, 254, *Sibley* v. *Felton,* 156 Mass. 273, *Edge Moor Bridge Works* v. *Bristol,* 170 Mass. 528, *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398, 405, *Varnum* v. *Kogios,* 233 Mass. 264, 266, and *Hampden Railroad Corp.* v. *Boston & Maine Railroad,* 233 Mass. 411, 417, relied on by the defendant.

It follows that the defendant's requests 1 (a), 1 (b), 2 and 3 were denied rightly. Request 1 (c) called for a finding of fact and its denial is not reviewable. In the view we take of the contract, proof of the plaintiff's readiness and willingness to execute the defendant's "standard form of contract" was not essential to recovery in this action. Consequently, even if there was no evidence of such readiness and willingness, the refusal so to rule was not prejudicial. See request 1 (d).

If we assume that apart from the defendant's requests the question whether the findings of the trial judge were warranted by the evidence is before us, no reversible error appears. For reasons already indicated the finding that a contract was made was warranted. The judge does not state specifically what constituted the contract nor when it became binding. However, it is not to be inferred from the fact that

he made findings as to the execution of the "standard form of contract," which are immaterial in view of our interpretation of the writings, that his finding that a contract was made was based thereon. It is not necessary to determine whether these immaterial findings were warranted by the evidence. Since it was found warrantably that a contract was made, and it is undisputed that such contract was not performed, the finding for the plaintiff was warranted.

*Order dismissing report affirmed.*