318 P.2d 609

**HUGH K. GALE POST NO. 2182, VETERANS OF FOREIGN WARS OF FARMINGTON, New Mexico, a non-profit mutual benefit association, its membership, and Henry A. Miller, Frank Jones, and Frank Briggs, as Trustees, for, and for the use and benefit of said non-profit mutual benefit association, Plaintiffs and Appellants,**

v.

**Chester A. NORRIS and Ruby D. Norris, his wife, Defendants and Appellees.**

No. 6244.

Supreme Court of New Mexico.

Nov. 29, 1957.

Apodaca, Keltner & Fowlie, William G. Fitzpatrick, Albuquerque, for appellants.

Hannett, Hannett & Cornish, Albuquerque, for appellees.

LUJAN, Chief Justice.

This is a suit in equity brought by the plaintiff-appellant against the defendant-appellee to charge him as a constructive trustee ex maleficio and as such to hold the title to certain lots, located in Farmington, New Mexico, for the use and benefit of plaintiff, and to compel restitution of said land. A judgment in favor of defendants was entered by the court below and plaintiff appeals. This case was before this court in Hugh K. Gale, Post No. 2182 Veterans of Foreign Wars, of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777, 782, which resulted in a judgment in favor of plaintiff, appellant in that case. In said case, on January 5, 1949, we held that the findings of fact were supported by substantial evidence, but reversed the same as follows:

"The decree is reversed and cause remanded to the district court with instructions to set aside its decree and grant to defendant a new trial; to permit such amendments of pleadings and to make such additional parties as to the court shall be deemed proper in the premises."

The record discloses the following: On December 12, 1949 eleven months after our opinion was handed down, an amended complaint was filed wherein Chester A. Norris and Ruby D. Norris, his wife, were named defendants. On February 8, 1950, an answer was filed to said amended complaint. A comparison of the original complaint shows the following material differences: The original complaint alleges that "the plaintiff is and was, at all times material hereto a duly organized and existing post of the Veterans of Foreign Wars * * *." In the amended complaint it is alleged that the plaintiff is a non-profit mutual benefit association of war veterans, organized and existing under the laws of New Mexico.

On August 24, 1950, a second amended complaint was filed, the allegations therein are identical with the first amended complaint, except that fraud is charged for the first time. On September 8, 1950, an answer was filed to the second amended complaint. Thereafter and on January 26, 1954, eight years after the original complaint was filed, a third amended complaint

314

was filed, and for the first time, making individual members of the association party plaintiffs. Up to that time the unincorporated non-profit association was the only plaintiff. The allegations in this amended complaint differ from those in the other complaints in the following particulars. (a) Henry A. Miller, Frank Jones and Frank Briggs appear in the caption as trustees for, and for the use and benefit of said non-profit mutual benefit association; (b) that a fiduciary relationship existed at all times material hereto between the defendant Chester A. Norris and the Gale Post and its members; (c) that the said Norris was acting as agent for his wife, Ruby D. Norris; (d) that Ruby D. Norris was, by reason of the implementation of the fraudulent scheme of her husband and agent, unjustly enriched at the expense of Gale Post and its membership; and (e) that the alleged fraud and deceit of the defendant Chester A. Norris was not discovered by the plaintiff post or its membership prior to the months of March or April of the year 1946.

The district court, among others, made the following findings of fact:

"1. The Court finds that the plaintiffs failed to sustain the burden of proof to establish the following:

"(a) That the defendant Norris was ever commissioned to buy the lots in question.

"(b) That the defendant Norris ever had any authority to buy said lots.

"(c) That the value of the property in question was greater than the amount the defendant paid.

"(d) That the plaintiffs exercised reasonable diligence, or any diligence, in an effort to discover the alleged fraud which they claim was practiced against them.

"(e) That defendant Norris bought the lots in question for the Hugh K. Gale Post.

"(f) That the defendant Norris was holding the lots in question for the Hugh K. Gale Post.

"(g) That defendant Norris bought the lots in question for the Hugh K. Gale Post and was to deed the same to the post when the post repaid him the sum of $1,000.00 plus interest thereon.

"2. That on May 5, 1945 a joint warranty deed from J. E. Reece and Louise Reece, his wife, conveying the property in question to the defendants, was recorded in the office of the County Clerk of San Juan County, New Mexico."

"12. That said lots were offered for sale by the prior *owerners*, Mr. and Mrs. J. E. Reece, to third parties other than the defendants in the latter *prt* of 1945 and in the spring of 1946 for the sum of $1,000.00, or $200.00 per lot.

"13. That the defendants paid for the lots in question with their own money.

"14. That the Hugh K. Gale Post did not have funds in its treasury to purchase the said lots on the 25th of April, 1945.

"15. That the Hugh K. Gale Post did not have funds in its treasury to purchase the said lots in February or March of 1946.

"16. That the membership of the post attempted to obtain from defendants an option to purchase the property in question sometime during the months of *february* or March, 1946.

"17. That no tender of the sum of $1,000.00 plus interest thereon, was made by plaintiffs to defendants.

"18. That the intent of defendants was to take the lots as joint tenants, not as tenants in common, nor as community property."

From the foregoing the court concluded as a matter of law:

"1. That there was no constructive trust between the Hugh K. Gale Post and its membership and Chester A. Norris.

"2. That plaintiffs have failed to sustain the degree of proof necessary to establish a constructive trust

"3. That plaintiffs had constructive notice of any breach of trust by defendant, Chester A. Norris, when the joint tenancy deed was recorded May 5, 1945.

"4. That no party having capacity to sue was made a plaintiff until after the statute of limitations had run.

"5. That plaintiffs' claim is barred by the statute of limitations.

"6. That Chester A. Norris and his wife took the property in question as joint tenants, not as tenants in common nor as community property.

"7. That plaintiffs have made no tender to defendants of moneys expended by the defendants for the said lots.

"8. That there is no mutuality of obligation between the plaintiffs and defendants."

We have carefully examined the record and conclude that there is sufficient evidence of a substantial nature to support the above findings and the conclusions based thereon and they will not be disturbed by this court.

The appellant urges five points for reversal. It is only necessary for us to determine two of these, the law of the case, and the existence of a constructive trust, which are decisive of this appeal.

316

Appellant contends that the *law of the case* is applicable in the instant case and that the findings of fact in Hugh K. Gale Post, supra, are binding here. This contention is untenable.

 Even though this court sustained the findings of fact of the lower court in the previous case (which findings were contra the findings in this appeal) we, nevertheless, held that the court below had no jurisdiction and that there must be a new trial so that Ruby D. Norris would not be deprived of her day in court. When a judgment is reversed on appeal, and remanded for a new trial, the holding of the appellate court on a question of fact, based on the evidence in the record, is not conclusive as to such question on a subsequent appeal on new evidence. See Evens v. Keller, 35 N.M. 659, 6 P.2d 200; Robinson v. Thornton, 114 Cal. 275, 46 P. 79.

In Benson v. Shotwell, 103 Cal. 163, 37 P. 147, the court held: That "the rule of the law of the case has no application to questions of fact, and nothing said in the opinion on a former appeal as to facts can bind the trial court upon a second trial or be conclusive upon a second appeal." See, also, Wallace v. Sisson, 114 Cal. 42, 45 P. 1000.

We conclude that the principle of the *law of the case* cannot be invoked here, for the reason that the amendments changed the theory of the pleadings as to present a new question essentially or materially different from that determined by the former appeal, and the evidence contained in the present record is not the same as that presented to this court in the former case.

The appellant also contends that the lower court erred in holding that there was no constructive trust between appellant and appellees.

 In 1945 the post was a voluntary, unincorporated association which had not yet met the requirements of the national organization, and, according to the testimony of the post's members, had only three to five, five to seven, or at the most ten members with never more than $50 in the treasury. Although there was some testimony that Chester A. Norris was appointed to buy some property for the post, there was controverting testimony by the post members that informally all of the members were looking for property, but that none of the members had any authority to actually buy property for the post, which is borne out by the fact that the post had only $50 in its treasury. Where the evidence is substantially conflicting, it is for the trial court to determine the weight of the evidence and the credibility of the witnesses. L. & B. Equipment Co. v. McDonald, 58 N.M. 709, 275 P.2d 639; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Huston v. Huston, 56 N.M. 203, 242 P.2d 495.

The trial court's finding in favor of defendant Chester A. Norris that he was not a constructive trustee, supported by substantial evidence as it is, renders unnecessary a determination of other issues in the case, presented and argued with great vigor by counsel for plaintiff.

The judgment is affirmed.

It is so ordered.

SADLER, McGHEE, and COMPTON, JJ., and A. W. MARSHALL, D. J., concur.