380 P.2d 839

Inez Fay BOGLE, and Potter Company, a corporation, by Inez Fay Bogle, a stockholder, Plaintiffs-Appellees,

v.

M. M. POTTER, and Potter Company, a corporation, Defendants-Appellants.

No. 7149.

Supreme Court of New Mexico.

April 15, 1963.

. Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, Adams & Calkins, Albuquerque, for appellants.

C. R. Brice, H. M. Dow, Roswell, for appellees.

PER CURIAM.

The previous opinion is withdrawn and the following substituted. Motion for rehearing is denied.

NOBLE, Justice.

This is a second appeal from a judgment entered in two consolidated cases upon a settlement and compromise of the matters in dispute.

Mrs. Bogle filed two suits: one in her individual capacity against Mr. Potter and the Potter Company, a corporation; and the other by the Potter Company, by Mrs. Potter, individually and as a stockholder, against Mr. Potter. The two cases were consolidated for trial. Upon conclusion of the trial, the court made a tentative oral decision indicating he would find for Mrs. Bogle. Thereupon, Potter, through his attorneys, made a written offer of settlement and compromise, which was subject to an opinion of an accounting firm that Potter would be free of additional tax liability under the proposed agreement. The substance of the offer was that Mr. Potter would assign all his stock in the corporation in consideration of his being relieved of all obligations; that Mrs. Bogle would pay him $12,800 to cover attorney fees and certain taxes for which he was then liable, and that the two cases would be dismissed. The offer was accepted by Mrs. Bogle through her attorneys. The accountants were consulted and gave an oral opinion that Mr. Potter would not be subject to further tax liability.

Mr. Potter's attorneys attempted to draft stipulations to carry out the agreement so that both parties would be free of tax liability, but before the stipulations had been agreed upon Mr. Potter discharged his attorneys and accountants. Mrs. Bogle thereupon moved for judgment in accordance with the settlement and compromise. After hearing, the court found facts in favor of a completed settlement and compromise agreement but concluded it could not be enforced and denied the motion. Thereupon, requested findings and conclusions on the merits were filed. The trial

court determined the issues in Mrs. Bogle's favor and separate appeals were taken.

This court in Bogle v. Potter, 68 N.M. 239, 360 P.2d 650, reversed the order of the district court denying the motion for judgment and remanded it for a new trial on that motion. The other two appeals are pending here but not disposed of until determination of this appeal.

Following the remand, a new trial was had upon the motion for judgment, resulting in findings of fact and conclusions of law affirming the settlement and compromise agreement, and judgment was entered in accordance therewith. This appeal is from that judgment. The following findings of fact and conclusions of law were made:

"1. Motion for judgment was filed in this cause, based upon the offer and acceptance of a compromise of said two suits, although filed only in Cause No. 21681. Before the filing of said motion the Court had heard all the testimony in said two causes as consolidated suit, and had announced in substance the following:

" 'I feel that I should make this tentative finding, which goes to the heart of the two cases. I will tentatively find that this entire line of business transactions between these parties was induced by a promise of marriage. and that the transactions from the time of the inception of the partnership to the time that the sons engaged counsel to file this law suit, was tainted with fraud.'

"2. The above two suits each presented controversial questions of fact and law which were yet to be determined by the Court from the evidence, when on April 18, 1958, the defendants through their attorneys of record made an offer in writing to compromise the two cases, which offer of compromise was in words and figures, as follows, to-wit:

" 'April 18, 1958

" 'Judge C. R. Brice

" 'Roswell, New Mexico

" 'Dear Judge Brice:

" 'At the direction of our client, Mr. Bean and the writer make the following proposal for the complete settlement of the Potter Company and Bogle cases against him.

" 'Mr. Potter, subject to the approval of Bassett, Johnson & Deason, accountants, as to freedom from tax liability, will assign and transfer all of the common stock now standing of record in his name in the Potter Company to the Potter Company Corporation, in consideration of the cancellation and settlement by the corporation of all of its claims against him, including the indebtedness now shown to be owing

by him on the books of the corporation; and in further consideration of the payment by the corporation of the following items:

" 'Attorneys' fees to Reese,
  McCormick, Lusk & Paine $5,000.00
" 'Expense of said attorneys       300.00
" 'Attorneys' fees to Bean, Osborn & Snead            5,000.00
" 'M. M. Potter             2,500.00
  for the purpose of paying his federal and state income taxes on account of dividends and salary credited to him for the year of 1957.

" 'Final Settlement will be effected by the transfer and assignment of the stock above mentioned and the dismissal with prejudice of the two cases above mentioned, which are now pending in the District Court of Chaves County, New Mexico; and in addition thereto Mr. Potter by this instrument will guarantee that there are no outstanding corporate debts other than as shown by the books, except attorney's fees and cost due James W. Stagner of Carlsbad, New Mexico, and small current purchases for supplies, etc., which may have been made during the month of April and which have not been billed to the corporation.

" 'Mr. Potter also desires that some mutually agreeable representative of the parties be designated to check and receive all of the personal property shown in the inventories and belonging to the corporation, and expresses his willingness to devote such of his time as may be necessary to acquaint the representative with any pending unfinished business matters affecting the corporation and as may be necessary to effect the transfer of possession of all of the above mentioned personal property.

" 'Very truly yours,

" 'GLR  SO        (signed) GEO. L. REESE, Jr.' "

"3.   The plaintiffs accepted said offer of compromise which was again approved on the same day by the defendants after being reduced to writing by his counsel of record.

"4.   Thereafter the defendants and their attorneys of record met with the tax accountants Bassett, Johnston and Deason, at which time defendants' counsel stated to them the facts upon which they wanted their opinion on the question of whether, if such compromise was made as outlined in the offer of compromise copied in Finding of Fact No. 2 above, the plaintiffs and defendant Potter would be subject to any tax because of such compromise.

"5.   After considering the question presented to them the said firm of Bas-

sett, Johnston and Deason stated to defendants and their counsel that it was their opinion that any such compromise was free from tax liability. It was agreed that a formal opinion would be delivered to defendants to that effect.

"6. Before a formal opinion could be sent to defendants and their counsel by said accountants, the defendant Potter discharged his counsel and accountants but not until after said informal opinion had been communicated to them.

"7. It was the opinion of the accountants that the compromise agreement as proposed by defendants and accepted by plaintiffs was free from tax liability on either the plaintiffs or the defendant Potter; and only their discharge prevented them from formally presenting such opinion and approval of said offer of compromise to the defendants and their attorneys.

"8. The plaintiffs were ready, able and willing to carry out the terms of this offer of compromise as accepted by them in all of its details, and are still able, ready and willing to do so.

"9. After defendants entered into said compromise agreement, although accepted in all its terms by plaintiffs, defendants have failed and refused to carry out its terms.

"10. The offer of compromise was made in good faith by the defendants originally and was accepted in good faith by the plaintiffs.

"11. * * *."

## CONCLUSIONS OF LAW

"1. The offer of compromise made in the letter of April 18, 1958, as set out in Finding of Fact No. 2 and its acceptance by the plaintiffs constituted a contract whereby each of the parties was bound to carry out its terms.

"2. The repudiation of the compromise contract by the defendants, and their failure and refusal to carry out its terms, did not release them from its enforcement in this Court, and was a waiver of the condition precedent.

"3. The fact that the accountants' Bassett, Johnston & Deason, opinion that the defendants would incur no tax liability was informal, or, as suggested by the Court, 'tentative,' did not release the defendants from performing the compromise contract inasmuch as the accountants were prevented by the affirmative acts of the defendant Potter from giving their final conclusion on whether there was any tax liability on the defendants, although plaintiffs were ready, able and willing to perform on their part.

"4. The complete performance of the condition precedent stated in the letter of April 18, 1958, as set out in Finding of Fact No. 2, having been prevented by the refusal of the defendants to carry out its terms, although plaintiffs were ready, able and willing to carry out the same on their part, the condition precedent was waived by the defendants and the contract could be enforced by plaintiffs without its performance.

"5. It is the conclusion of the Court from the facts found, that the compromise contract between the defendants and the plaintiffs is binding on the parties and that the plaintiffs are entitled to a decree for its enforcement by this Court."

■ The findings of fact by the trial court, unless set aside because not supported by substantial evidence, are the facts upon which the case rests in this court on appeal, and are binding upon the Supreme Court. Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526; Dowaliby v. Fleming, 69 N.M. 60, 364 P.2d 126; Baker v. Storie, 67 N.M. 27, 350 P.2d 1039; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511.

Appellant, Potter, attacks the findings as not supported by substantial evidence, and urges that appellant's tendered findings should have been given. Appellee counters by pointing out that the first ten findings are identical with findings made at the first trial upon the motion and are based upon the same evidence. She further points out that this court in Bogle v. Potter, supra, concluded that the evidence substantially supported those findings and that our holding in that respect is now the law of this case. The judge who presided at the first trial retired and the second hearing on remand was before another judge. Our mandate directed that the findings of fact and conclusions of law and the order denying judgment on the motion entered after the first hearing on the motion be set aside; that the motion be re-tried and either party be permitted to present any evidence they desire; that upon conclusion of the second hearing the court make its findings and conclusions based only upon the evidence offered at the new hearing and without being bound by the findings or conclusions theretofore made, and without regard to any evidence introduced at the first hearing unless it be offered and accepted at the second hearing.

It is apparent that this court clearly intended a completely new trial on the motion without the court being bound by what had occurred in the first trial and did not intend its statement as to the effect of the evidence to be the law of the case upon such second trial. Furthermore, additional testimony concerning the offer of compromise and settlement was adduced at the second trial.

In Hugh K. Gale Post No. 2182, etc. v. Norris, 63 N.M. 312, 318 P.2d 609, it was said:

> "When a judgment is reversed on appeal, and remanded for a new trial, the holding of the appellate court on a question of fact, based on the evidence in the record, is not conclusive as to such question on a subsequent appeal on new evidence."

This is so if there is any new material evidence. We conclude that the principle of the law of the case cannot be invoked here.

Appellant asserts that his attorneys had no authority to make the offer of settlement that was made, and requested findings to that effect. While no specific finding on this question was made, the finding of such authority is implicit in the findings and conclusions made. A review of the evidence convinces us there is no merit to this contention.

It is contended that there was no meeting of the minds on any settlement and compromise agreement because it was contemplated that the offer be implemented by further stipulations between the parties, which were not accomplished. The offer was subject to assurance by accountants that Mr. Potter be free of additional tax liability resulting from the settlement. After consultation with the accountants and receiving their tentative oral opinion that no additional tax liability would result, several tentative drafts of a stipulation were prepared, but before agreement was reached on them Mr. Potter discharged his attorneys. There is testimony that the purpose of the proposed stipulations was only to set out the mechanics of carrying the agreement into effect in such manner as to avoid tax liability to Potter and to Mrs. Bogle, if possible, all within the provisions of the offer.

The failure of Potter to include in the letter, making the offer, all details of carrying the proposal into effect to accomplish its purpose did not prevent there being a meeting of the minds and an intention to be bound. Those details were not essential to the proposal, because, without them, the offer was not too indefinite for enforcement. The details of carrying out the agreement in such manner as not to create a tax liability did not change the terms or purpose to be accomplished by the offer. Stites v. Yelverton, 60 N.M. 190, 289 P.2d 628; Duggan v. Matthew Cummings Co., 277 Mass. 445, 178 N.E. 825.

Appellant urges that findings contrary to those adopted by the trial court are supported by substantial evidence and should have been given. It is the established rule that upon appeal, this court is bound to resolve all conflicts in favor of the successful party below and to indulge all reasonable inferences in support of the judgment, disregarding all evidence and in-

**106**

ferences to the contrary. Martinez v. Archuleta, 64 N.M. 196, 326 P.2d 1082; Hines v. Hines, 64 N.M. 377, 328 P.2d 944. Furthermore, findings and conclusions supported by substantial evidence will not be disturbed on appeal, notwithstanding there is persuasive contrary testimony. Menger v. Otero County State Bank, 44 N.M. 82, 98 P.2d 834. Notwithstanding that the trial court could have properly found facts requested by appellant, it is not error to refuse findings directly opposed to or inconsistent with those found, if the facts found by the court are supported by substantial evidence. Alexander v. Cowart, 58 N.M. 395, 271 P.2d 1005. Viewing the evidence in this light, we conclude that this attack on the findings is without merit.

Appellant urges that appellee did not unconditionally accept the offer made by appellant because after accepting the offer counsel for appellee stated that he wanted Mrs. Bogle's accountant to check for tax liability accruing to Mrs. Bogle. The testimony, however, was that the parties had discussed handling the settlement in such manner as to avoid tax liability to Mrs. Bogle, if possible. The acceptance, therefore, was not a qualified one.

A part, at least, of the obligations of which Mr. Potter was to be relieved consisted of withdrawals of corporate funds by him. One draft of a proposed stipulation contained a statement that such withdrawals were made with Mrs. Bogle's knowledge and that no interest was payable thereon. It is asserted that her refusal to agree to this statement in the proposed stipulation constituted an abandonment of the agreement by her. We find no merit in the contention. The testimony was that this provision was included only to seek to avoid a gift tax by Mrs. Bogle. Likewise, the proposal that Potter's stock be held by him in trust for Mrs. Bogle instead of as an outright transfer did not change the essential terms of the proposal but was inserted to seek to avoid tax liability to Mrs. Bogle, if possible. We find no evidence which would compel a determination by the court that appellee repudiated the contract.

Appellant further contends that an opinion was not obtained from the accountants that the settlement did not subject Mr. Potter to additional tax liability, a condition precedent to the offer ripening into the contract. A tentative verbal opinion was given but appellant discharged his attorneys and accountants before a written agreement could be secured. However, Mr. Crocker, an accountant of the firm consulted, said he had spent a little additional time on the matter, including consideration of an audit, and testified:

"Q. Did you find anything in the facts given you, including the audit, that would indicate any tax liability?

"A. No, sir, I found nothing that would change my opinion that I formed the day we had our first discussion."

He testified that Mr. Potter was present and heard that discussion. We think the findings made by the trial court are supported by substantial evidence. A party to a contract cannot take advantage of his own act or omission to escape liability thereon. Gibbs v. Whelan, 56 N.M. 38, 239 P.2d 727.

■ Finally, appellant urges that appellee is not entitled to specific performance of the offer of settlement and compromise because it is contended that she repudiated that offer by electing to accept the benefit of a judgment on the merits in cause no. 21668. We cannot agree. The record discloses that when the trial court entered its decision reaffirming its tentative decision on the merits, made prior to motion for judgment on the compromise offer, and denying appellee's motion for such judgment, appellee immediately, and prior to entry of judgment on the merits, objected and excepted to the court's refusal of judgment on the compromise. That her position regarding the settlement was not abandoned is apparent from her successful appeal in Bogle v. Potter, 68 N.M. 239, 360 P.2d 650. When the trial court held she was not entitled to enforce the offered settlement and compromise and rendered its decision on the merits in her favor, she

had little option. Under such circumstances, we cannot attribute to her an intention to abandon her position regarding the compromise merely because she submitted requested findings and conclusions on the merits. She continued to maintain that the offer of settlement and compromise had ripened into a binding contract, and upon the second trial prevailed in that contention.

In view of what has been said, it follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.