William Thomas **JULIANO** and Kathleen Juliano, Appellants,

v.

Raymond Joseph **ANGELINI**, Appellee.

Raymond Joseph **ANGELINI**, Cross-Appellant,

v.

William Thomas **JULIANO** and Kathleen Juliano, Cross-Appellees.

Nos. S–579, S–637.

Supreme Court of Alaska.

Nov. 22, 1985.

determination.

Elizabeth I. Johnson, Anchorage, for appellants and cross-appellees.

Teresa Hogan, Anchorage, for appellee and cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, and MOORE, JJ.

## OPINION

PER CURIAM.

Raymond Angelini was employed by William Juliano as a construction superintendent for the Northland Business Park, a project that began in 1976 and extended over several phases. Angelini brought suit for breach of an employment contract claiming unpaid bonuses and a five percent interest in Phases I through VI of the Northland Business Park. In addition, Angelini asserted that Juliano had reinvested money due him and that as a consequence, Angelini had an interest in Juliano's other business enterprises, some of which he held with his wife.

On March 27, 1984, the parties entered into settlement negotiations, the subject of this appeal. The trial court found that the parties had agreed that the Julianos would pay $175,000 by cashier's check to Angelini on a specified date and that the Julianos would consent to Angelini's treatment of the proceeds as capital gains. The claims of the parties would be dismissed upon payment. The trial court ordered the Julianos to pay the agreed upon sum and not to repudiate their agreement to treat the proceeds as capital gains to Angelini.

The thrust of the Julianos' appeal is that approval by their accountant of the final documents and the proposed capital gains treatment was a condition precedent to finalizing the settlement. They also argue that the proposed capital gains treatment is illegal and this court should not impose on a party any performance to which that

party did not and probably would not have agreed. Angelini cross-appeals for additional attorney's fees. We modify the judgment by deleting the requirement concerning capital gains treatment, and affirm the judgment as modified.

■ At first glance it appears to be entirely within the reasonable expectations of the parties in a settlement posture to rely upon and seek the approval of attorneys, accountants and other advisors in the drafting of final settlement documents. Yet without deprecating the role of such advisors, a distinction can be found between the express agreement of the parties and the implementation of that agreement by their advisors. See Bogle v. Potter, 72 N.M. 99, 380 P.2d 839, 843 (1963). Whether the parties to an informal agreement become bound prior to the drafting and execution of contemplated formal writings is a question of intent. King v. Wenger, 219 Kan. 668, 549 P.2d 986, 989 (1976). The intent of the parties is to be determined by the surrounding facts and circumstances of each case, Thrift Shop, Inc. v. Alaska Mutual Savings Bank, 398 P.2d 657, 658–59 (Alaska 1965), and is reviewed under the clearly erroneous standard of Civil Rule 52(a).

■ In determining the parties' intent, the courts look first to the parties' expressed intentions. "If their expressions convince the court that they intended to be bound without a formal document, their contract is consummated, and the expected formal document will be nothing more than a memorial of that contract." 1 A. Corbin, Corbin on Contracts § 30, at 98–99 (1963). The trial court found that at "no time during the meeting did any party say the settlement would depend on post-meeting accountant approval although they intended to submit the written documents to their accountants for review."

■ A second factor considered in determining the parties' intent to be bound is the thoroughness of the agreement. See Thrift Shop, 398 P.2d at 659. Both parties acknowledge that agreement was reached

as to the amount of payment, the form of payment, the date of payment, and the release of all claims. The only uncertainty was the implementation of the capital gains provision. Even the Julianos' attorney testified that he believed they had agreed "in principle," with only the mechanics of accountant approval and preparation of the settlement documents remaining.

In sum, the trial court found that the Julianos' manifestations of assent did not include the condition precedent of approval by their accountant and that Juliano's testimony on this point was not credible. This is a question of fact, and we do not find the trial court's finding to be clearly erroneous.

The Julianos' second contention concerns the potential illegality of the capital gains provision. The trial court found that, as part of the settlement agreement, Juliano "consent[ed] to Angelini's treatment of the transaction as a capital gain." On appeal Juliano claims that under federal tax law the settlement proceeds cannot be characterized as a capital gain, thus the provision is illegal and unenforceable.

■ The appropriate tax treatment of sums received in settlement of litigation is determined by reference to the underlying nature of the action settled. Carter's Estate v. Commissioner of Internal Revenue, 298 F.2d 192, 194 (8th Cir.1962), cert. denied 370 U.S. 910, 82 S.Ct. 1257, 8 L.Ed.2d 404 (1962). In light of the facts and pleadings, we view this action as one brought for breach of an employment contract. Angelini's proceeds from a settlement of the claim thus would be characterized as ordinary income, see 26 U.S.C. §§ 61, 83 (1985), except perhaps for the appreciation in value of property that should have been conveyed, and the reinvestment of money due. We hold that an agreement to consent to the treatment of the entire transaction as a capital gain is void as against public policy. Since Angelini has waived the capital gains provision upon such a holding we order the judgment modified to delete any reference to tax treatment. This leaves the parties free to treat the payment as each determines best

in accordance with the applicable provisions of federal tax law.

We find the other points raised by the parties, including Angelini's cross-appeal for attorney's fees, to be without merit.

The judgment and order of the trial court is MODIFIED. As modified it is AFFIRMED.

COMPTON, J., not participating.