IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SOUTH VALLEY FARM, LLC,**

Plaintiff-Appellee,

v.                                                                      **NO. 28,961**

**HENRY RODRIGUEZ and**
**SANTA FE INGREDIENTS**
**CO., INC.,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Miller Stratvert P.A.
Karen E. Wootton
Las Cruces, NM

for Appellee

Holt Babington Mynatt P.C.
Damian L. Martinez
Las Cruces, NM

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendants appeal from the district court's judgment awarding damages to Plaintiff for Defendants' breach of a settlement agreement between the parties.  [RP

125] Our notice proposed to affirm the district court's judgment. Defendants filed a timely memorandum in opposition. We remain unpersuaded by Defendants' arguments and therefore affirm.

**Discussion.** Defendants continue to challenge the district court's decision to base its award of damages on William Tingle's May 2007 valuation of the equipment that was to be transferred from Defendants to Plaintiff pursuant to the settlement agreement at issue in this case. [DS 2; MIO 1-3] Defendants maintain that a valuation of the equipment as of February 2006 was a material term of the settlement agreement. [DS 2; MIO 2] As we recognized in our notice, the district court did find that the settlement agreement contemplated a valuation of the equipment by Charles Dickerson as of February 2006 and concluded that the material provisions of the settlement agreement provided for a February 2006 valuation. [RP 135, 138-39/ff 18, 46; cl 7] However, the district court also found that the equipment "cannot be valued by Dickerson as of February 2006" and faulted Defendants for failing to "take prompt steps to obtain . . . a February 2006" valuation and failing to "timely arrange for Plaintiff to take possession of the balance of the" equipment to be transferred under the settlement agreement. [RP 136-37/ff 28, 41-43; RP 75-76] In light of the district court's findings that Defendants' own actions were the reason why a February 2006 valuation was not possible, we continue to believe that any inability to conduct a

2

February 2006 valuation of the equipment cannot form the basis for Defendants' attack on the district court's judgment. *See Summit Props., Inc. v. Pub. Serv. Co. of N.M.*, 2005-NMCA-090, ¶ 32, 138 N.M. 208, 118 P.3d 716 (recognizing that a party cannot rely on an impossibility defense if that party was the cause of the impossibility).

We recognize that Defendants believe that the May 2007 value of the property was too remote in time to be accurate because the intent of the February 2006 valuation anticipated by the settlement agreement was to reflect the value of the equipment as of the date of the original agreement between the parties. [DS 3; RP 135/ff 19, 20] However, as discussed above, Defendants' own actions prevented a timely valuation of the equipment and resulted in a delayed transfer of the balance of the equipment to Plaintiff until well beyond what was originally anticipated by the parties. *See Bogle v. Potter*, 72 N.M. 99, 107, 380 P.2d 839, 844 (1963) (stating that "[a] party to a contract cannot take advantage of his own act or omission to escape liability thereon"). Accordingly, we hold there was substantial evidence to support the district court's conclusion that the May 2007 valuation of the equipment was "as close to the intent of the Parties under the [settlement agreement] as is practically possible." [RP 138/cl 1] *See generally Segura v. Kaiser Steel Corp.*, 102 N.M. 535, 538, 697 P.2d 954, 957 (Ct. App. 1984) (recognizing that a "contract will be

considered and construed as a whole, with meaning and significance given to each part in its proper context, so as to ascertain the parties' intentions").

Defendants' memorandum in opposition implies that their actions could not have contributed to the inability to conduct a timely valuation because Defendants offered evidence to suggest that a February 2006 valuation was not possible from the inception of the October 2006 settlement agreement. [MIO 3] Defendants do not detail the substance of that evidence, but their citation to the record proper indicates that they are referring to the deposition testimony from Bruce Bonestroo. [RP 111-12] But even if Bonestroo did testify that it was not possible to value the property as of February 2006, the district court was well within its prerogative to reject that testimony given that Defendants' own actions made the valuation process even more difficult and given that Defendants were also urging the district court to rely on the January 2007 letter from Charles Dickerson as a proper valuation of the property as of February 2006. [DS 2] *See New Mexicans for Free Enter. v. City of Santa Fe*, 2006-NMCA-007, ¶ 71, 138 N.M. 785, 126 P.3d 1149 (stating that "[w]here there is conflicting evidence, the trial court, as fact finder, resolves all disparities in the testimony and determines the weight and credibility to be accorded to the witnesses" (internal quotation marks and citation omitted)); *see also Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) (stating "[u]pon a doubtful or

4

deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered"). Similarly, to the extent that Defendants suggest that the district court should have relied on what they characterize as the uncontradicted testimony of Defendant Rodriguez as an adequate valuation of the property as of February 2006 [MIO 2], we simply point out that it was for the district court as factfinder to weigh the credibility that testimony and we will not second guess that determination on appeal. *See Strickland v. Roosevelt County Rural Elec. Coop.*, 94 N.M. 459, 467, 612 P.2d 689, 697 (Ct. App. 1980) (recognizing that "the credibility of an interested witness, even though uncontradicted, " is a matter for the factfinder to resolve); *cf. Sanchez v. Molycorp, Inc.*, 103 N.M. 148, 153, 703 P.2d 925, 930 (Ct. App. 1985) (holding that "[t]he opinions of an expert even where uncontradicted, are not conclusive on facts in issue and the fact[]finder may reject such opinion in whole or in part").

In short, for the reasons set forth above and in our prior notice of proposed summary disposition, we hold that there is substantial evidence to support the district court's decision. The judgment of the district court is therefore affirmed.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**